KNOWLTON *vs.* MICKLES.

In actions on awards, as in other cases under the code, a defendant may put in an answer alleging facts sufficient to vacate the award, and pray an affirmative judgment to that effect. He is no longer driven to a cross action for that purpose.

Where, in an action upon an award, the answer alleged that the arbitrators examined witnesses in the presence of one party and in the absence of the other, and the defendant asked that for that cause the award should be set

aside; and the referee found that issue in favor of the defendant, finding also that the arbitrators acted from misapprehension, and not corruptly; *Held*, that it was no ground of objection to the action, that the arbitrators were not made parties.

Where arbitrators proceeded to examine the premises in dispute, in the absence of one of the parties—the other party being present—and made various inquiries of, and called for and listened to the statements of, several persons as to their knowledge of the damage claimed by the party who was present, and the cause thereof, without the knowledge and in the absence of the other party ; such statements not being made on oath, nor reduced to writing, and the arbitrators subsequently made an award in accordance with such statements ; *Held* that the award was invalid, although there was no evidence showing that the arbitrators acted corruptly, or intentionally violated their duty.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged that on the 30th of August, 1853, the plaintiff commenced an action in the supreme court, against the defendant, to recover damages sustained by the plaintiff by reason of the overflowing of water from the defendant's dam, upon the plaintiff's land ; in which action the plaintiff demanded judgment for such damages to the amount of $500, and that the defendant be required to remove the said dam, and for further relief. That on the 15th day of September, 1853, the said plaintiff and defendant submitted all the matters in controversy in the said suit to the arbitrament of Daniel K. Sherwood and William Orser, by their submission in writing, and that on the 6th day of October, in said year, the time for the delivery of the award of the said arbitrators was extended or deferred to the 12th day of October, in said year, by an agreement in writing signed by the said parties. That on the said 12th day of October, 1853, the said arbitrators made an award in writing, under their hands, and delivered the same to the plaintiff, and of which the defendant had due notice on the 15th day of October, 1853. And the plaintiff alleged that the defendant had not kept and performed said award, or any part thereof, but had wholly neglected and refused, and still neglected and refused to do so. That since the 6th day of November, 1853, by

Knowlton *v.* Mickles.

reason and means of the failure and refusal of the defendant to remove the said dam, or rebuild or reconstruct the same as in and by the said award required, the plaintiff had suffered further and other damages to his said premises below the said dam, to the amount of $500. The plaintiff therefore demanded judgment against the defendant as follows : 1st. For the sum of $137.50, for the damages and costs, (including the costs of the said arbitrators,) as awarded by said arbitrators as aforesaid. 2d. That the defendant might be required to remove the said dam, or rebuild, or reconstruct the same as required in and by the said award. 3. For the damages that had accrued to the plaintiff since the 6th day of November, 1853, by reason of the neglect and refusal of the defendant to remove the said dam, or rebuild or reconstruct the same, as required in and by the said award, the sum of $500, and also for the costs of this action.

The defendant, by his answer, admitted the pendency of the action mentioned in the complaint, and the submission of the controversy to arbitration, and that the time for the delivery of the award was extended to October 12, 1853. He alleged that he had no knowledge or information sufficient to form a belief, and he therefore denied that on the said 12th day of Oct. 1853, the arbitrators made an award in writing, under their hands, and delivered the same to the plaintiff. And he averred that he never had any notice of the time or place, when or where the said arbitrators would meet to hear the matters submitted to them, nor did the defendant ever have any chance or opportunity of appearing before said arbitrators, nor of producing proof, nor examining witnesses, nor of being heard in his defense before said arbitrators, and that the alleged award, set up in the complaint, was made without any information or notice thereof to the defendant until long after the day when the same was alleged in the complaint to have been made. That the said arbitrators, on the 12th day of October, 1853, and while examining the premises, and preparing their award, or immediately prior thereto, and on the

same day, did examine several witnesses touching the matters submitted to them by the parties, and took and heard their statements in respect thereto, in the presence of the plaintiff, and in the absence of, and unbeknown to, and without the consent of the defendant; for which causes, among others, the defendant averred that the said award was void, and the plaintiff was not in any way entitled to have the same enforced or carried into execution, nor to receive judgment thereon, nor to recover any sum or damages for non-performance thereof by the defendant. The defendant further alleged that said submission was not made a rule of court, nor was any judgment rendered on said award; that he was advised, and verily believed to be true, that he had a good and substantial defense upon the merits, in the matter submitted to said arbitrators, and that he would have been entitled to an award in his favor, had an opportunity been afforded him of producing his proofs before the said arbitrators. He denied that since the 6th day of November, 1853, by reason and means of the failure and refusal of the defendant to remove the said dam, or rebuild or reconstruct the same, as in and by the said award required, the plaintiff had sustained further or other damages to his premises, below the said dam, to the amount of $500, or to any amount whatever. And the defendant insisted, that if any damage had been done to the plaintiff's premises below said dam, since the 6th day of November, 1853, in consequence of any wrongful act of the defendant, such damage was not caused by the defendant's failure and refusal to remove the said dam, or rebuild or reconstruct the same, as in and by the said award required; but the same was caused by defendant's first act of building said dam and embankments; and the defendant submitted that for any such wrongful acts the plaintiff was not entitled to recover in this action on the award, and that such claim for damages was misjoined with an action to enforce the award; and the defendant prayed that he might have the same benefit and advantage of this misjoinder, as if the same

had been fully stated in the complaint, and the defendant had demurred thereto. The defendant denied that the plaintiff was entitled to any judgment for damages, and asked that the said paper set up in the complaint, purporting to be an award, might be pronounced by the judgment of this court null and void, as to the defendant, and that the plaintiff's complaint might be dismissed, with costs.

The referee found and reported the facts above stated, relative to the pendency of a suit between the parties, and the submission of the controversy to arbitration ; that the arbitrators proceeded to examine the premises in dispute, in the absence of the defendant, attended part of the time by the plaintiff in person, and then and there made various inquiries of, and called for, and listened to the statements of not less than three persons as to their knowledge of the damage, and the cause thereof, and without the knowledge and in the absence of the defendant ; but that he had no means of judging what influence such statements had on the minds of the arbitrators, except that their award was made in accordance with such statements. Upon the authority of *Walker* v. *Frobisher*, (6 *Vesey, jun.* 70,) he did not see how such an award could stand, and he therefore found, on the above facts, that the same was valid, and that judgment should be rendered for the defendant, on the whole case. The referee further found, as matters of fact, that the statements called for and listened to by the arbitrators were not given under oath ; that such persons were not sworn, and that their statements were not taken down or reduced to writing by said arbitrators. And that there was no evidence given in said action tending to show that said arbitrators acted corruptly, or intentionally violated their duty ; but that their *ex parte* examination probably resulted from a misapprehension of their duties.

Judgment having been rendered for the defendant, upon this report, for costs, the plaintiff appealed.

*M. L. Cobb,* for the appellant.

*Edward Wells,* for the respondent.

*By the Court,* EMOTT, J.   What was said in *Owen* v. *Boerum,* (23 *Barb.* 187,) as to the defenses which could be interposed in a suit upon an award, had reference to the case then before us, which had a purely legal aspect throughout.   The action was for a trespass ; the arbitration and award were pleaded as a defense, and the plaintiff, under the code as it then stood, permitting a reply, denied generally the allegations of the answer.   The question was not, therefore, what relief might have been had in the action, by either party, against the award, but what evidence was proper under a state of pleadings which set up only legal rights.   There cannot be any doubt that in actions on awards, as in other cases under the code, a defendant may put in an answer alleging facts sufficient to vacate the award, and pray an affirmative judgment to that effect ; and that he is no longer driven to a cross action for that purpose.   It was said that an action cannot be maintained to set aside an award for misconduct of the arbitrators without making them parties ; but this is not the rule.   They might be made parties under the former practice, where the bill charged them with fraud or gross misconduct, for the purpose of obtaining a discovery from them, and then the court might make a decree against them for the costs.   *Van Cortlandt* v. *Underhill,* (17 *John.* 405,) was a case of this kind.   Ch. J. Spencer, in the court of errors, speaks of the conduct of the arbitrators as gross and scandalous misbehaviour, outraging every principle of justice.   (*See also* 2 *Atk.* 396.)   Unless charges of this description were made in the bill, against the arbitrators, they were not compellable to discover the grounds of their award, and in that event they might demur to the bill.   (*Story's Eq. Jur.* §§ 1498, 1500.   *Story's Eq. Pl.* § 232.   8 *How. U. S. Rep.* 134.)

Knowlton *v.* Mickles.

In the present case, the answer as amended alleged that the arbitrators examined witnesses in the presence of one party and in the absence of the other, and asked that for this cause the award should be set aside. This answer brings the parties and the question before the court precisely as they would be in a cross action. The referee has found this issue in favor of the defendant, finding also that the arbitrators acted from misapprehension, and not corruptly. They would not therefore have been mulcted in costs, if they had been before the court, and it is no ground of objection that they are not here.

Upon the main question, I think the referee was right in his conclusion. The point upon which Lord Eldon put his decision in *Walker* v. *Frobisher*, (6 *Ves.* 70,) was that the statements of the persons who were examined in the absence of the parties did not pass as mere conversation. The fact that these statements were reduced to writing, he considered sufficient to establish this. In the present case, the statements of *Van Wart* and *Cypher* were called for by the arbitrators themselves, and were given at their request, in the presence of the plaintiff. This is quite as strong a circumstance to show that the information acquired was considered material, and not to be mere conversation, as if such information had been reduced to writing. It does not change the case that the statements of these persons were not made under oath. The admission of such evidence would be more dangerous without oath than with it. I do not speak with reference to this particular case, but we are obliged to adhere to a general rule in cases of this description; and from reasons of public policy, that rule ought to be a stringent one. It has been said by many of the judges that it is impossible for the courts, or even for arbitrators themselves, to say what influence such statements may have had upon them. We must go upon the general rule which condemns such a practice.

The judgment should be affirmed.

[Kings General Term, February 14, 1859. *Lott,* *Emott* and *Brown,* Justices.]