STEFANO BERIZZI CO., INC., Appellant, *v.* BELA KRAUSZ, Trading as KRAUSZ CASING COMPANY, Respondent.

**Arbitration — when award must be vacated for misconduct or misbehavior of arbitrator — statute construed and applied — an award based upon results of independent investigation of arbitrator, without notice to parties, as well as upon the testimony submitted, must be vacated.**

1. Under the statute (Civ. Pr. Act, § 1457, subd. 3) an award in an arbitration proceeding must be vacated for any "misbehavior [of the arbitrator] by which the rights of any party have been prejudiced," and where an arbitrator after the hearings had been closed, proceeded, without notice to the parties, to make an investigation for himself, upon the results of which, as well as upon the testimony submitted, he made a decision, such conduct constituted misbehavior for which the award must be vacated. Although the arbitrator acted in good faith this was misbehavior within the purview of the statutes, since misbehavior, though without the taint of corruption or fraud, may be born of indiscretion.

2. This rule is not affected by the provisions of the Arbitration Act, as amended (Cons. Laws, ch. 72), since the Legislature did not intend to change a statutory rule sustained by the courts from the earliest times, and, furthermore, the act itself provides that arbitrations shall be subject to enumerated provisions of the Civil Practice Act, one of which provides that arbitrators must appoint a time and place for the hearing of the matters submitted to them, and must cause notice thereof to be given to the parties (§ 1451), which would be a profitless proceeding if the arbitrators were at liberty when the hearing was over to gather evidence *ex parte* and rest their award upon it. Another section enumerated (§ 1457) prescribes the grounds, of which misbehavior is one, for vacating an award and does this in words that go back to the Code and the Revised Statutes.

*Berizzi Co.* v. *Krausz*, 208 App. Div. 322, reversed.

(Argued December 15, 1924; decided January 21, 1925.)

APPEAL from a judgment, entered April 2, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term vacating an award in arbitration proceedings and reinstated and confirmed said award.

*Lemuel Skidmore* for appellant. The award, was procured by undue means within Civil Practice Act, section 1457, subdivision 1. (*Nat. Bank* v. *Darragh*, 30 Hun, 29; *Matter of Plews*, 6 Q. B. [N. S.] 845; *Spettigue* v. *Carpenter*, 3 P. Wms. 361; *Drew* v. *Drew*, 2 Macq. [Sc. App. Cas.] 1.) The award was the result of misbehavior on the part of the arbitrator (though unintentional) by which the rights of the petitioner, appellant, have been prejudiced within Civil Practice Act, section 1457, subdivision 3. (*Turnbull* v. *Martin*, 37 How. Pr. 20; *J. & M. Paper Co.* v. *Reed & Brothers Co.*, 87 Atl. Rep. 1011; *Mortier* v. *Shear*, 102 Ill. 169; *Walker* v. *Frobisher*, 6 Ves. 70; *Fudickar* v. *Guardian Mut. L. Ins. Co.*, 62 N. Y. 392; *Knowlton* v. *Mickles*, 29 Barb. 465; *Brook* v. *Delcomyn*, 16 C. B. [N. S.] 403; *Halsted* v. *Seaman*, 82 N. Y. 27; *Van Cortlandt* v. *Underhill*, 17 Johns. 405; *Phipps* v. *Ingram*, 3 Dowl. 669; *Matter of Rexburg Investment Co.*, 36 Idaho, 552; *Matter of Picker* v. *Marcus*, 130 App. Div. 88.) The rights of the petitioner, appellant, were prejudiced by the conduct of the arbitrator. (*P. W. Ins. Co.* v. *Gulinson*, 73 Col. 282.) The Abitration Law of 1920 did not in any way alter the grounds on which an award must be vacated. (*Matter of Berkowitz*, 230 N. Y. 261.)

*David T. Smith* and *Nicholas A. Heymsfeld* for respondent. The conduct of the arbitrator was not undue means or misconduct under the statute as a matter of statutory interpretation. (*Burks* v. *Bosso*, 180 N. Y. 341; *Matter of Hermance*, 71 N. Y. 481.) In the absence of the rule of *ejusdem generis*, the acts of the arbitrator did not constitute misconduct or misbehavior under the

statute. (*Straw* v. *Truesdale*, 59 N. H. 109; *Herrick* v. *Blau*, 1 Johns. Ch. 101; *Anderson Trading Co.* v. *Brimberg*, 119 Misc. Rep. 874; *Mortier* v. *Shear*, 102 Ill. 169; *Fudickar* v. *Ins. Co.*, 62 N. Y. 392; *Drew* v. *Drew*, 2 Macq. 1; *Hostetter* v. *Pittsburgh*, 107 Penn. St. 419; *Hartupee* v. *Pittsburgh*, 131 Penn. St. 535; *Seaton* v. *Kendall*, 171 Ill. 410; *Neily* v. *Buford*, 68 Mo. 447; *Ehrlich* v. *Pike*, 53 Misc. Rep. 328; *Wiberly* v. *Matthews*, 91 N. Y. 648.)

CARDOZO, J. Plaintiff agreed to sell and defendant to buy 8,000 cases of bamboo skewers to be shipped from China to New York. On the arrival of the skewers the buyer refused to pay for them, urging various excuses and finally defects of quality. The seller asked for arbitration in accordance with a provision of the contract that differences between the parties should be settled in that way; and upon application to the court an arbitrator was named. At the hearings before the arbitrator the parties appeared by counsel; witnesses were called upon each side, and examined and cross-examined; a stenographer was present; and minutes were preserved. Thereafter the arbitrator made an award in favor of the defendant. Cross-motions followed, on the one side to confirm the award and on the other to vacate it. On these motions it appeared that the arbitrator, after the hearings had been closed, proceeded without notice to the parties to make an investigation for himself. He gave samples of the skewers to his salesmen, who reported that the men to whom the samples were offered would not use them and that sales could not be made. He made inquiries for himself at important markets in New York, and learned, he says, that the skewers were unsalable and useless. It was on the strength of this personal investigation as well as upon the testimony submitted that his award was made. This the arbitrator concedes. Indeed, one gains the impression, when one reads his affidavit, that what he did by himself and without notice, was the

real basis for his decision.   The Special Term upon this showing vacated the award.   The Appellate Division reversed, and ordered judgment for the defendant.

An award must be vacated " where the arbitrators were guilty of misconduct in refusing to postpone a hearing upon sufficient cause shown, or in refusing to hear evidence pertinent or material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced " (Civil Practice Act, § 1457, subd. 3; Code Civ. Pro. § 2374; 2 R. S. 542, § 10).   We think the conduct of this arbitrator was misbehavior prejudicing the rights of one of the parties within the meaning of the statute. . There is no doubt that this was the law before the adoption of the present Arbitration Act (*National Bank of Republic* v. *Darragh,* 30 Hun, 29; *Fudickar* v. *Guardian Mutual Life Ins. Co.,* 62 N. Y. 392, . 405; *Knowlton* v. *Mickles,* 29 Barb. 465; *Matter of Plews & Middleton,* 6 Ad. & Ellis [N. S.], 845; *Walker* v. *Frobisher,* 6 Ves. Jr. 70; *Drew* v. *Drew,* 2 Macqueen Scotch App. Cas. 1; *Moshier* v. *Shear,* 102 Ill. 169, 173).   True, the arbitrator in this proceeding acted in good faith, but misbehavior, though without taint of corruption or fraud, may be born of indiscretion.   This is abundantly established, not only by the adjudged cases, but also by the specific instances of misconduct enumerated by the statute in this very subdivision (cf. *Halstead* v. *Seaman,* 82 N. Y. 27, 30).   The Appellate Division, conceding the previously existing rule, held, however (citing *Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261, 269), that a new public policy had been declared by the present Arbitration Act (L. 1920, ch. 275; Consol. Laws, ch. 72), with the result that what had been misbehavior before was misbehavior no longer.   But the only new public policy declared by the present act is the removal of the ban that had been laid by the decisions of the courts upon general and executory agreements for the arbitration of future differences.   The Legislature has said that such

agreements shall be enforcible, and that the tribunal chosen by the parties shall be the tribunal for the trial. The declaration of such a policy does not call for a relaxation of restraints upon the conduct of the arbitrators in so far as those restraints have relation to the fundamentals of a trial and the primary conditions of notice and a hearing. Indeed, they are more important now than ever if arbitration is to attain the full measure of its possibilities as an instrument of justice. The new policy does not mean that there is to be an inquisition rather than a trial, and that evidence unknown to the parties and gathered without notice may be made the basis of the judgment. If this could otherwise be doubted, there are provisions in the Arbitration Act itself by which doubt is set at rest. The Arbitration Act provides (§ 8) that arbitrations had thereunder shall be subject to enumerated provisions of the Civil Practice Act so far as " practicable and consistent." One of the sections thus specifically included is section 1451 which provides that the arbitrators " must appoint a time and place for the hearing of the matters submitted to them, and must cause notice thereof to be given to each of the parties." There would be little profit in fixing a time and place of hearing, if the arbitrators were at liberty when the hearing was over to gather evidence *ex parte*, and rest their award upon it. Another section specifically included is section 1457 which prescribes the grounds for vacating an award, and does this in words that go back to the Code and the Revised Statutes. The incorporated section is nearly a century old, and during that time its meaning has been fixed by judicial decisions, repeated and consistent. We find it incredible that the Legislature, in re-enacting the old words, has filled them with a new content, and rejected the ancient standards of behavior for those who are to sit in judgment.

If misbehavior be assumed, we cannot doubt upon this record that prejudice resulted. The plaintiff, know-

ing nothing of the evidence, had no opportunity to rebut or even to explain it. There seems to be support for its position that bamboo skewers are roughly and irregularly wrought unlike the domestic skewers which are pointed by machinery. The arbitrator's inability to sell his samples in our market may have been due, not to defects of quality, but to the preference of buyers for skewers of a different type. The defendant argues that the testimony gathered by the arbitrator supplies no stronger reason for vacating his award than would the admission of hearsay testimony upon his examination of the witnesses, a procedure well within the range of legitimate discretion. The distinction is, however, obvious. The difficulty with this testimony is not merely that it is hearsay, but that it was collected and acted upon without the knowledge of those affected and without opportunity to repel it. We do not mean, of course, that an award will be vitiated by investigations in the absence of the parties if directed toward facts of trifling importance or facts of such a nature as to preclude reasonable contest. This may include views or measurements or the ascertainment of physical conditions notorious and permanent. There may be times also when an inference will be permissible that a trial in the proper sense has been waived, and that the arbitrators by tacit, if not express, consent have been authorized by the parties to proceed in their own way (*Sweet* v. *Morrison,* 116 N. Y. 19; cf. *Matter of Fletcher,* 237 N. Y. 440). Such is not the case before us. What was contemplated was a hearing. What ensued was a default.

The judgment of the Appellate Division should be reversed, and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; McLAUGHLIN, J., absent.

Judgment reversed, etc.