In the Matter of the Application of SAMUEL HOROWITZ and Another, Copartners Doing Business under the Firm Name and Style of STERLING COTTON MILLS, Appellants, for an Order Directing that Arbitration Proceed to Settle a Controversy between Petitioners and BENJAMIN KAPLAN and Others, Doing Business under the Firm Name and Style of KAY AR EFF CLOAK COMPANY. Respondents.

First Department, November 4, 1927.

Arbitration — procedure of arbitrators — formalities of trial were waived — all arbitrators inspected goods forming basis of arbitration — arbitrator appointed by court made subsequent inspection alone with consent of others — award not invalid for that reason.

Two arbitrators were appointed by the parties and one by the court to settle a dispute over the sale of goods. It was stipulated by the parties that all formalities of the trial, including swearing of witnesses and the appearance of attorneys, were waived. All the arbitrators made an inspection of the goods in question but were unable to come to an unanimous decision. The arbitrator appointed by the court made a subsequent inspection alone with the consent of the other arbitrators and thereafter an award was made.

The act of the third arbitrator in making the inspection did not make the award invalid, since it was done with the consent of the other arbitrators and since he did not acquire any information that the other arbitrators did not possess.

APPEAL by the petitioners, Samuel Horowitz and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of June, 1927, granting respondents' motion to vacate and set aside an arbitrators' award.

*Moses Jaffe* of counsel [*Jaffe & Jaffe*, attorneys], for the appellants.

*Louis H. Solomon*, for the respondents.

McAVOY, J. The parties to this proceeding had an agreement for the purchase by the respondents from the appellants of certain merchandise at a certain price. Some of it had already been assorted and other pieces thereafter were to be assorted by the buyers. After delivery of the assorted pieces the buyers returned them and furnished no assortment for the remaining order. It is claimed that the goods have been held for the account of the buyers and that the vendor suffered damage because of the failure of the buyers to give the assortment for the balance of the order.

Two arbitrators were appointed by the parties and one by order of the court, two of whom made an award in this controversy, finding in favor of the sellers for the purchase price of the assorted

First Department, November, 1927. [Vol. 221

pieces and for damages for failure to receive the other ordered pieces. These arbitrators had met informally and heard witnesses informally without the assistance of attorneys and without any stenographer or the swearing of witnesses or even taking an oath themselves. This was done in pursuance of an agreement " to waive all formalities of every kind and nature, so as to be able to arrive at a correct decision in the matter untrammeled by any formalities."

At the session at which the hearings were concluded by the arbitrators and at which session all the arbitrators examined the merchandise which was delivered to the buyers and returned by them, they were unable to arrive at an unanimous decision, and it was suggested that the three arbitrators should come back the following day and again examine the goods which had been returned by the buyers and which goods were being held by the petitioners at their place of business, although the goods had been once examined by the arbitrators. During the course of the hearing it was agreed among the three that the arbitrator appointed by the court alone should come back the next day and examine the merchandise. He thereupon made the examination and reported to his fellow arbitrators that his opinion was unchanged. Because of this inspection of the merchandise by this arbitrator after the closing of the hearing the award of the arbitrators was declared invalid by the learned court at Special Term, which has set aside the award, although the disputed facts have been found by the court in favor of the appellants, such as the agreement to have the proceedings conducted informally without an oath and the exclusion of counsel and a stenographer. The learned court considered itself bound by the decision of the Court of Appeals in *Berizzi Co., Inc.,* v. *Krausz* (239 N. Y. 315), in which that court set aside an award because one of the arbitrators had sent salesmen out with samples of certain skewers which were the subject of the arbitration to find whether or not they would be accepted by the trade, and also had inquired himself outside the arbitration board's hearings from dealers as to the salability of these skewers.

We do not think the cited case is controlling. There was in that instance a personal investigation by the arbitrator apart from his associates relating to the subject-matter of the arbitration and upon which he based his decision and was largely influenced. Here the inspection of the merchandise had already been had by all three of the arbitrators and the subsequent inspection by the one arbitrator, according to the finding of the court, was made with the consent of all the others and was not an unknown or unrelated incident of which they had no knowledge but was a mere reinspection of the very merchandise upon which the others had already made

up their minds. There were no independent inquiries. There was nothing additional imparted to this arbitrator that his fellow arbitrators had no opportunity to learn. The physical condition of the goods remained the same as when all the arbitrators examined the goods in the presence of the parties, and no prejudice arose from this conduct of the arbitrator.

The order should, therefore, be reversed, with ten dollars costs and disbursements, the motion denied, with ten dollars costs, and the award reinstated.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and the award reinstated.