In the Matter of the Arbitration between ROBINS SILK MANUFACTURING CO., INC., Respondent, and CONSOLIDATED PIECE DYE WORKS, Appellant.

First Department, June 15, 1928.

*Robert E. Mebel* of counsel [*Kent & Kent*, attorneys], for the appellant.

*S. John Block*, for the respondent.

McAVOY, J. It is claimed here that the award was properly vacated because of the misconduct of the arbitrator Flower, who made an independent, original investigation of the plant, machinery and invoices of the Consolidated Company without the consent of all of the arbitrators and not in their presence or in the presence of all of the parties, which investigation influenced and controlled his judgment and was a determining factor in his decision. In addition, the arbitrator Patterson, it is asserted, was manifestly partial to the Consolidated Company, and the charge is made that, while the arbitration was pending, he was negotiating for employment by the Consolidated Company and entered its employ a few days after the award was made. The charges are not supported by any convincing proof except that of subsequent employment.

As stated in the affidavit of Alexander Patterson, one of the arbitrators, " the matter was fully heard and discussed, the entire afternoon being consumed. The pieces of merchandise were submitted and carefully examined by all of us. It was agreed amongst us that the arbitrators should meet again and discuss the matter." One of the experts stated that the holes in the goods complained of by the Robins Silk Company could have been caused by some rollers in the plant of the Consolidated Company. One of the arbitrators stated that he desired to make an inspection of the plant of the Consolidated Company, and asked that the others go with him. This inspection of the plant, it is asserted, was agreeable to every one concerned. Although this is controverted, I think it is established. Mr. Flower, the arbitrator, visited the plant and made an inspection. He thereafter reported the facts to the other arbitrators at later meetings. Thereafter they spent approximately two hours going over the matter, and the arbitrators

were then ready to decide the matter. They subsequently confirmed their opinions by letter dated the day of the meeting, April 5, 1927.

We think it is the proper rule that where the proof is substantial that the arbitrators acted in good faith and that the independent inspection is permitted by consent of all or with knowledge without protest, and such inspection refers to facts of such a nature as to preclude reasonable contest, the award of the arbitrators is binding.

This case comes within the recognized exceptions stated in *Berizzi Co., Inc., v. Krausz* (239 N. Y. 315). The investigation was by mutual consent and with knowledge. The consent was express. Even tacit consent would suffice. The investigation was, to quote the language of the court in the *Berizzi* case, " * * * directed toward * * * facts of such a nature as to preclude reasonable contest. This may include views or measurements or the ascertainment of physical conditions, notorious and permanent."

The independent investigator attempted, in the cited case, to determine value by learning the price at which various individuals were selling and buying the particular article in dispute. The arbitrator here examined the rollers in the mill, which are a fixed and permanent part of the plant — a " physical condition, notorious and permanent."

The arbitral decision was fair.

The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate the award should be denied, with ten dollars costs, and the award confirmed.

DOWLING, P. J., and PROSKAUER, J., concur, FINCH and MARTIN, JJ., dissent.

MARTIN, J. (dissenting). The justice at Special Term set aside an award in an arbitration proceeding because the arbitrators failed to comply with the statute, citing *Berizzi Co., Inc., v. Krausz* (239 N. Y. 315), which construed the Arbitration Law (§ 8, as amd. by Laws of 1921, chap. 14) and the Civil Practice Act (§§ 1451, 1457, subd. 3).

One arbitrator made a personal investigation of the machinery which it was asserted by the appellant caused the damage to the cloth, which was the subject of the arbitration. Neither of the other arbitrators examined the machinery. One refused to sign the award. It was prepared by the arbitrator who had examined the machinery, and was signed by one other arbitrator. It was based upon the following statements:

" That the defects in the merchandise in controversy are not caused by the fault of the Consolidated Piece Dye Works, * * *."

" In arriving at this decision the following matters were given due consideration and careful analysis. 1 — All correspondence between the parties relative to the merchandise in question. 2 — Minute inspection under the glass of several pieces of said merchandise. 3 — *A thorough inspection of all machinery in the Consolidated Piece Dye Works plant, and careful perusal of several invoices. * * * The inspection of the dyer's machinery proved conclusively to the writer that no machine in said dyer's plant was capable of producing such holes or such damage to the face of the merchandise.*"

These statements were concurred in by one of the arbitrators who made an affidavit that he never saw the machinery.

Furthermore, this same arbitrator was given employment by the party in whose favor the award was made within a few days after it was signed. It is claimed that he accepted the employment before he consented to the award. This he denies, but he says: " It was about a week after this matter was finally submitted, that Mr. Arnold first broached to me the proposition of my becoming connected with his company. I told him that I would consider it and we discussed it for two or three days and on or about the 18th or 19th day of April, 1927, I told him that I would be glad to become associated with him, and I left my old concern about the 25th day of April, 1927, and started work for the Consolidated Piece Dye Works on that day."

It will be noted that the arbitrator accepted the employment on the 18th or 19th day of April, 1927, and commenced work on the 25th day of April, 1927. The award signed by him is dated the 14th day of April, 1927, just four days before he says the employment was discussed and nine days before he started to work.

In addition to this, it seems most probable that the decision of the majority of two arbitrators was based on evidence presented to one only of the three who constituted the entire board of arbitration.

In *Berizzi Co., Inc.*, v. *Krausz* (*supra*) the court (at p. 317) said: " It was on the strength of this personal investigation as well as upon the testimony submitted that his award was made. This the arbitrator concedes. Indeed, one gains the impression, when one reads his affidavit, that what he did by himself and without notice, was the real basis for his decision."

The independent and practically sole investigation of one arbitrator without notice to and in the absence of the other arbitrators, when such investigation is the basis for an award is not sufficient to sustain such an award.

We are of the opinion that the irregularities in conducting this

arbitration and in arriving at an award not only warranted the court in setting it aside but required such a result in the interest of justice.

The order should, therefore. be affirmed.

FINCH, J., concurs.

Order reversed, with ten dollars costs and disbursements, the motion denied, with ten dollars costs, and the award confirmed.