Finch, J.
From a judgment pursuant to an order confirming an award of arbitrators and from so much of the order as denies the motion of the appellant to vacate the award, this appeal is taken.
The appellant moved to vacate the award upon the grounds, first, that the third arbitrator, Louis K. Comstock, was guilty of misbehavior, by which the rights of the appellant had been prejudiced; second, that the award was procured by undue means; and third, that there was evident partiality on the part of the arbitrator Sherman L. Whipple during the course of this proceeding.
The merits of the controversy arbitrated are not the subject of review (Civ. Prac. Act, §§ 1456-1458) and, therefore, cannot be considered upon this appeal. It is sufficient, therefore, to state merely that the controversy arbitrated was whether the appellant had wrongfully canceled contracts under which the respondent was acting as its exclusive sales agent for the sale of the product of appellant and that this in turn involves a consideration of the *421 provisions of the contracts and the a<?ts of the parties thereunder with reference to the collection by the respondent of the price of goods sold as agent of the appellant and the remittance of the proceeds thereof to the appellant. The contracts provided for the collection by the respondent of the price of goods sold and the prompt remittance thereof to the appellant, but made no provision as to how the moneys collected should be handled between collection and remittance. The appellant claims that the moneys collected were being used by the respondent in its business and that it instructed the respondent to deposit all moneys collected in the future in a special account in the name of the appellant. The appellant subsequently discharged the respondent upon the ground that these instructions had not been carried out. The respondent claimed it had been contemplated by the parties in making the contract that the moneys collected should be deposited in the account of the respondent for the purpose of lending credit to such account in view of the fact that the respondent had purchased a large amount of preferred stock of the appellant as a consideration of entering into the contracts here involved. The respondent further contended that in the absence of any provision in the contracts providing for the handling of the moneys between collection and remittance, it was under no obligation to conform to the appellant’s subsequent instructions in regard thereto. Upon these issues two out of three arbitrators found that the respondent had been wrongfully discharged and accordingly awarded damages.
Considering now the facts upon which the appellant urges that the award should have been vacated, they are as follows: In support of the contention that the third arbitrator was guilty of misconduct, the appellant relies upon the affidavit of the arbitrator appointed by the appellant, which reads, in part, as follows: “ It is sufficient for the purposes of this affidavit to restate that one of the issues presented by the arbitration was whether the petitioner had properly or improperly deposited funds which it had collected in the capacity of sales agent for the respondent to its private account and used the same in its own business. After the evidence had all been submitted and both sides had closed, the Board of Arbitrators set a date for consultation and conference amongst themselves with a view to arriving at a decision. Upon the date set, the arbitrators met in the morning to consider this matter. The right of the petitioner to use its collections in the manner above indicated was one of. the first matters to be discussed. A sharp difference of opinion with respect thereto developed between Mr. Whipple and myself. Mr. Comstock, Chairman of the Board of Arbitrators, then reported that he had spoken to one of his friends who was *422 an. official of the Graybar Corporation. Mr. Comstock further stated that his friend informed him that the Graybar Corporation was sales agent for the General Electric Company and that it was the practice of the Graybar Corporation to collect the proceeds of the sales of General Electric products, deposit them in its own bank accounts, use them in its own business, and make remittance from time to time to the General Electric Company.
“ I stated to Mr. Comstock that I did not consider such information proper evidence to be considered by the Board in arriving at a decision. My best recollection is that I said to him in substance: ‘ This conversation has apparently influenced you in reaching a decision and unconsciously you are doing an injustice to the Hudson Valley Company because you do not know exactly the terms of the contract between the Graybar Corporation and the General Electric Company, and, furthermore, the Hudson Valley Company has not had an opportunity to meet this evidence.’
“ We separated for lunch and in the afternoon resumed our discussion. Mr. Comstock then said that while he did speak to an official of the Graybar Corporation, he had already reached his conclusion that the petitioner had a right to use the funds in the manner that it had, and, therefore, that the information he had received had not influenced him. I replied that I knew that Mr. Comstock wanted above all things to render a fair decision but I stated that it seemed to me that the fact that he had made these inquiries and that he had mentioned the results of the inquiries at the conference of the arbitrators indicated to me that the information he had secured must have had an influence in his decision.”
It is urged by the appellant that the making of the aforesaid inquiry by the third arbitrator constitutes misbehavior so prejudicial to the appellant as to vitiate the award under the provisions of sections 1456-1458 of the Civil Practice Act. In support of this contention the appellant relied upon .the well-settled principle that after the close of testimony an arbitrator may not hear other witnesses, the leading case in support of which is Walker v. Frobisher (6 Ves. Jr. 70, 71), decided in 1801, and the equally well-settled principle that the arbitrator may not make an independent investigation outside of the arbitration proceeding concerning any of the issues involved, of which the most recent exposition is the case of Berizzi Co. v. Krausz (239 N. Y. 315). The facts in the case at bar, however, do not bring it within the aforesaid principles of law. Of the authorities relied upon by the appellant, the case that affords the most support to the appellant is that last above referred to. The issue involved therein was the marketability of certain skewers. The conduct of the arbitrator complained of, as stated in the *423 opinion of Judge Cardozo, is as follows: “ On these motions it appeared that the arbitrator, after the hearings had been closed, proceeded without notice to the parties to make an investigation for himself. He gave samples of the skewers to his salesmen, who reported that the men to whom the samples were offered would not use them and that sales could not be made. He made inquiries for himself at important markets in New York, and learned, he says, that the skewers were unsalable and useless. It was on the strength of this personal investigation as well as upon the testimony submitted that his award was made. This the arbitrator concedes. Indeed, one gains the impression, when one reads his affidavit, that what he did by himself and without notice, was the real basis for his decision.” In that case the arbitrator whose conduct was declared prejudicial, deliberately set about to hunt out evidence on the direct issue for decision upon which his mind could feed for the purpose of arriving at his decision. This contrasts strongly with the dissimilar circumstances in the case at bar, where the arbitrator had already made up his mind prior to a casual remark made to him by a friend with whom he was having luncheon.
The inquiry did not concern a direct issue between the parties. The controversy did not turn upon whether there was a custom in the trade to handle collections, as was done by the respondent. As a matter of fact, although the respondent in the course of the arbitration incidentally referred to such a custom, the appellant took the position not that there was not such a custom, but that such custom would have no bearing upon the issues between the parties, because such issues were governed by the terms of the contracts. It thus appears that the facts in the case at bar are very far removed from those which caused vacation of the award in the case of Berizzi Co. v. Krausz (supra), relied upon by the appellant. In that very case Judge Cardozo was careful to point out that the court did not intend to lay down an inflexible rule that each and every inquiry in the absence of the parties would require the vacation of an award. He said (p. 320): “ We do not mean, of course, that an award will be vitiated by investigations in the absence of the parties if directed toward facts of trifling importance or facts of such a nature as to preclude reasonable contest.”
• We hold, therefore, that the aforesaid casual inquiry of the arbitrator concerning a trivial matter not directly in issue, does not constitute a ground for vacating the award.
Considering now the claim of the appellant that the arbitrator Whipple was biased, the appellant bases this contention upon the general charge that a reading of the record will demonstrate that *424 this arbitrator acted throughout the hearings as an advocate, rather than as arbitrator. We find nothing in the record to sustain this contention. That the arbitrator appointed by the respondent took a keen interest in the matter is quite evident, as is also the fact that he was strongly convinced of the merits of the respondent’s claim. This is no more than the attitude of the arbitrator appointed by the appellant. There is nothing to show bias against the appellant which requires the setting aside of this arbitration by the arbitrators chosen by the parties so that the matter might be disposed of without litigation.
It follows the judgment and order should be affirmed, with costs.
Dowling, P. J., and Martin, J., concur; McAvoy and O’Malley, JJ., dissent.