Per Curiam.

The Business Bent Law (L. 1945, ch. 314, § 4, as amd. by L. 1946, ch. 273, § 2, L. 1947, ch. 823, L. 1948, ch. 677) provides that a rent exceeding in amount the emergency rent, may within the limitations of the section, be fixed by arbitration or by the Supreme Court. In the determination by the arbitrator of the amount of such reasonable rent, this statute among other things commands:
“(a) due consideration shall be given to the cost of maintenance and operation of the entire property (including land and building or other rental, area in which such business space .is located) including amount paid for taxes assessed against such property, and to the kind, quality and quantity of services furnished, but excluding amortization or interest paid or accrued on any incumbrances thereon; (b) such rent shall be fixed in such manner that it shall not exceed a fair and reasonable proportion of the gross rentals from all the business space in the entire building, or other rental area, giving due consideration to the amount and character of the business space used or occupied by such tenant, provided, however, that the gross rentals from all such business space shall not exceed a fair and reasonable proportion of the gross rentals from the entire building or other rental area.
*567 “ A net annual return of six per centum on the fair value of the entire property including the land, plus two per centum of principal for amortization of any mortgages thereon, or two per centum per annum for depreciation on the fair value of the improvement, exclusive of the land, of any building not encumbered by mortgage, shall be presumed to be a reasonable return. The assessed valuation of the entire property, including land and building, as shown by the latest completed assessment-roll of the city, shall be presumed to be the fair value of the premises, but other lawful evidence of the fair value may be offered and received.”
Pursuant to the statutory requisite (L. 1945, ch. 314, § 15, as -added by L. 1946, ch. 273, § 3, as amd. by L. 1947, ch: 823, L. 1948, ch. 677) a transcript of the minutes of the hearing before the arbitrator accompanied the motion to confirm the award. A perusal of the minutes unveils a lack of any proof in relation to the factors embraced in subdivision “ (b) ” quoted aboye and fails to disclose any evidence as to the kind, quality and quantity of the services referred to in subdivision “(a)”. Failure to adduce proof of the items set forth in the statute may be a sufficient basis for setting aside the award.
Attention is also called to the fact that even in an arbitration proceeding, the statute provides for the service of a bill of particulars upon written application by the tenant therefor. However, it does not appear that a written demand was made by the tenant for such a bill.
We note too that, in an affidavit made by the arbitrator and submitted in support of the motion to confirm the award, it is stated that he “ examined the store in question, asked the opinion of several disinterested real estate brokers as to their idea of value in the district and in other ways prepared myself to determine a fair rental.”
The fact that the arbitrator, in addition to considering the testimony of the one witness at the hearing, made a hearsay investigation in the case on his own initiative, though doubtless done with the best intention, is nonetheless misbehavior which is ground for vacating the award. (Berizzi Co. v. Krausz, 239 N. Y. 315.)
If the arbitrator considered all the factors which the statute (§4) required him to weigh in determining the fair and reasonable rent, the evidence in relation to some of those elements must have been obtained from the sources embraced within the arbitrator’s personal investigation. Such matter, if thus considered by the arbitrator, manifestly was not trivial and the tenant *568 would be prejudiced in not having the opportunity of controverting such proof.
On the state of facts presented by this record, the award cannot stand.
The order and judgment should be reversed and the award vacated. Settle order designating a new arbitrator.
Dore, J. P., Cohn, Callahan, Van Voorhis and Sheintag, JJ., concur.
Order and judgment unanimously reversed, with costs to the appellant and the award vacated. Settle order on notice designating a new arbitrator.