Jacob J. Schwartzwald, J.
This is a motion to confirm an arbitrator’s award directing’ payment by the employer, respondent herein, to Local 32K, the petitioner, hereinafter referred to as the Union, of a certain amount as dues, assessments and other fees, and for judgment thereon for the amount of the award. The employer has cross-moved for an order vacating the award.
The employer, in challenging the validity of the award, contends as follows: That the service upon the employer of a 10-day notice of arbitration herein, pursuant to the provisions of the contract between the parties and of the Civil Practice Act, was alleged to have been made upon a named individual as managing agent of the employer, but that in fact there was no one of that name in its employ nor did it have anyone employed as managing agent; that the amendment, at the arbitration hearing, of the notice of arbitration, without notice thereof given to the employer, constituted misbehavior which warrants setting aside the award; that there was evidence of fraud on the part of the Union in the inducement to the making of the Union contract and that such issue should be tried in a court of law prior to a scheduled rehearing before an arbitrator.
There is in this case an issue as to whether service of the original notice was made upon the employer and as to the sufficiency of that notice, but a determination of this question is not necessary and will not be made in view of this court’s disposition of the issue raised by the amendment, at the arbitration hearing, of the original notice allegedly served upon the employer.
It appears that the notice of arbitration which is claimed to have been served upon the employer cited the subject of the controversy to be a claim by the Union that certain named employees be discharged from employment and that they be replaced by members of the Union in good standing in accordance with the terms of the contract. It further appears that at the hearing held before the arbitrators, in which the employer did not participate, the Union was permitted, without notice to the employer, to amend its notice to make the dispute a claim for dues and other fees rather than a demand for the discharge of the employees as set forth in the original notice.
*655 An examination of the arbitration clause contained in the Union contract discloses that it is sufficiently broad to embrace within its scope the issues which were raised under the amended notice, which were as follows: The amount of dues due and owing to the Union from the employer; the extent to which the employer was indebted to the Union welfare fund; the assessments and initiation fees due and owing by the employer to the Union.
However, the question still remains, assuming receipt of the original notice by the employer, whether an arbitrator may permit, at the arbitration hearing and without notice to the employer, an amendment of the notice and claim which in effect substitutes a claim different from that cited in the original notice. Section 1462 of the Civil Practice Act provides that an award must be vacated: “ 3. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown * * *, or of any other misbehavior by which the rights of any party have been prejudiced.” In the instant case the employer cannot be deemed to have received notice of the dispute that was arbitrated at the hearing for it could not reasonably be expected to assume that the hearing would involve the issue of its obligation for the payment to the Union of certain dues, assessments and other fees, rather than the question of whether the employees should be discharged. The matter that was stated, in the original notice, to be the subject of dispute cannot be considered to embrace expressly or by reasonable implication the obligation of the employer, under the contract, to make certain payments to the Union.
In Berizzi Co. v. Krausz (239 N. Y. 315, 319) the court stated that the Arbitration Act “ does not call for a relaxation of restraints upon the conduct of the arbitrators insofar as those restraints have relation to the fundamentals of a trial and the primary conditions of notice and a hearing. Indeed, they are more important now than ever if arbitration is to attain the full measure of its possibilities as an instrument of justice.”
It must be concluded that, in the case at bar, the arbitrator’s action in permitting the amendment without notice given to the employer constituted misbehavior within the purview of subdivision 3 of section 1462 of the Civil Practice Act, even though it may be assumed that the arbitrator acted in good faith. Misbehavior, though without taint of corruption or fraud, may be born of indiscretion. (Berizzi Co. v. Krausz, supra.) If such behavior be assumed, then it appears that prejudice resulted since there was presumably no knowledge *656 on the part of the employer that the award might result in an obligation imposed upon it for the payment of money to the Union; without such knowledge, there was no opportunity afforded to litigate that issue. We cannot exclude from consideration the possibility that the employer would have appeared at the hearing if it had known that the issue to be determined involved its obligation for the payment of money to the Union rather than a question of discharge of certain of its employees.
In view of all of the foregoing, the award must be set aside. However, with reference to the challenge to the validity of the Union contract, raised by the claim of fraud on the part of the Union in inducing the execution of the contract by the employer, the court feels that there are insufficient evidentiary facts set forth which would justify a trial of that issue. The determination of that question does not preclude the employer from raising that issue, in the manner provided for in the Civil Practice Act, upon receipt of a notice to be served in connection with a rehearing.
In accordance with the foregoing, the motion to confirm is denied and the motion to vacate the arbitrator’s award is granted as indicated. A rehearing by the arbitrator is directed upon notice given pursuant to the contract.
Settle order on notice.