James S. Brown, J.
Motion by petitioners for an order vacating and setting aside an arbitration award.
Under date of January 15, 1958 an agreement was entered into between the New York City Transit Authority, hereinafter called the Authority, and the Transport Workers Union, designated by a majority of the Authority employees, exclusive of units representing the Queens and Staten Island Bus Division, as their bargaining representative. The Authority also, by said agreement, recognized the union as the exclusive bargaining representative for the presenting and processing of employee grievances. The agreement regulated wages, hours, working conditions and grievance procedures. While none of petitioners is a member of that union, article 8 of the agreement provides *761 that any employee may present his grievance either personally or through such union. Petitioners presented their grievance as provided in said agreement, but the grievance was denied as not having been timely filed and it was recommended by the Authority that the matter be taken to arbitration. Petitioners acted upon the recommendation and placed the matter before Mr. Theodore Kheel, the impartial chairman of the transit industry, who had been designated as the arbitrator of grievances between the Authority and its employees, and a hearing was had before said arbitrator.
Petitioners claim that the work pick rules, dated February 26, 1958, represented a substantial departure from the manner in which work pick rules were formerly carried out within the Surface Maintenance Department of the Brooklyn Bus Division of respondent, and that such departure seriously interfered with the normal seniority status and violated provisions of the agreement, dated July 1, 1954, between the Authority and its employees’ unions, and further arbitrarily divided the Surface Maintenance Department into two separate and distinct units where previously there had been only one — this also in violation of the agreement between the Authority and its employees ’ unions. Petitioners’ request to be represented at the hearing by counsel was denied but counsel representing them filed a brief setting forth petitioners’ contentions. The Authority filed an answering brief and petitioners filed a reply thereto. Additional briefs were filed at the conclusion of the hearing. It would thus appear that petitioners were afforded a full opportunity to urge their position. This is further substantiated by the affidavit of the arbitrator submitted in opposition to the motion. Such affidavit also states that since the Authority indicated it was basing its defense primarily, in part, on an agreement with the exclusive bargaining agent, the Transport Workers Union, and since the arbitrator recognized that not only the rights of petitioners were involved, but that any decision would necessarily affect the rights of all other employees in the Surface Maintenance Division, he advised the parties he would send a copy of the Authority’s claim to the Transport Workers Union for such comments as it cared to make. Such union confirmed that there was an agreement between the union and the Authority prior to the issuance of the work pick rules of 1956 and that there had been no violation of the schedule of work conditions for bus maintainers. The arbitrator denied petitioners’ grievances.
Petitioners now seek to vacate the arbitrator’s award on the ground that it is the result of partiality in the arbitrator, that he was guilty of misbehavior to the prejudice of petitioners’ *762 rights, and to have the matter rearhitrated before a new arbitrator.
The charge of partiality is wholly without basis on this record. Eespecting the charge of misbehavior, this also is without support in the record. It is grounded on the fact that the arbitrator sought to ascertain whether the work pick rules had been established pursuant to the agreement between the Authority and the union, representing the employees, and whether there had been any violation of the agreement on the part of the Authority. The union confirmed the fact that there was such an agreement and that the work pick rules were being administered in accordance therewith. Petitioners contend that the arbitrator’s determination was based upon information received from the union and that they had no opportunity to question it or dispute it and that the consideration thereof by the arbitrator was improper and prejudicial to them. In support of their contention, petitioners cite Berizzi Co. v. Krausz (239 N. Y. 315). The facts in that case, however, are distinguishable from those in the instant matter. There the parties appeared before the arbitrator with counsel, witnesses were sworn, examined and cross-examined and stenographic minutes taken of the hearing. After the hearing was completed the arbitrator, without notice to the parties, proceeded to make his own investigation as to the defects in the merchandise delivered under a contract. The court said that it was on the strength of this personal investigation, as well as upon the testimony submitted, that the award was made, and that such investigation was improper. No such investigation was here made, nor was there any hearing, examination or cross-examination, nor were any stenographic minutes taken. Here the arbitrator is the impartial arbitrator under the contract, and the procedure is more or less informal, and since the grievance claimed by petitioners might affect other employees of the Authority, represented by the union designated by the employees, it was not improper to obtain the union’s opinion concerning the construction of the contract and the work pick rules. It might also be pointed out that in Berizzi Co. v. Krauss (supra, p. 320) the court stated: “We do not mean, of course, that an award will be vitiated by investigations in the absence of the parties if directed toward facts of trifling importance or facts of such a nature as to preclude reasonable contest.” The information sought by the arbitrator from the union, in my opinion, was of such a nature as to preclude reasonable contest with respect thereto. Petitioners do not claim they lacked knowledge of the agreement between the Authority and the union or of the contents thereof, nor do they claim lack of knowledge of *763 the work pick rules which have been in effect since 1956 and which were posted for the information of all employees.
There is no showing of impartiality or misbehavior upon the part of the arbitrator. The petition is dismissed.
Submit order.