BELL AEROSPACE COMPANY DIVISION OF TEXTRON, INC.,
Plaintiff,

v.

LOCAL 516, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), and Niagara Frontier Technical Association, Local 205, American Federation of Technical Engineers, Defendants.

Civ. No. 1971–362.

United States District Court,
W. D. New York.

March 14, 1973.

Ohlin, Damon, Morey, Sawyer & Moot, Buffalo, N. Y. (Richard E. Moot, Buffalo, N. Y., of counsel), for plaintiff.

Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N. Y. (Richard Lipsitz, Buffalo, N. Y., of counsel), for defendant, Local 516, International Union, United Automobile, Aerospace

and Agricultural Implement Workers of America (UAW).

McMahon & Crotty, Buffalo, N. Y. (Thomas P. McMahon, Buffalo, N. Y., of counsel), for defendant Niagara Frontier Technical Association, Local 205, American Federation of Technical Engineers.

CURTIN, District Judge.

In this action under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, the court, on January 12, 1972, entered an order requiring tripartite arbitration before an arbitrator of the following arbitrations: (1) the arbitration between plaintiff Bell Aerospace Company Division of Textron, Inc. [Bell], and defendant Local 516, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) [Local 516] of grievances 70–692 and 70–716, and (2) the arbitration between Bell and defendant Niagara Frontier Technical Association, Local 205, American Federation of Technical Engineers [Local 205] of the issues set forth in a letter dated July 29, 1971. The arbitration proceeding commenced on March 1, 1972 and lasted eight days. The arbitrator considered numerous exhibits, the transcript of the proceeding and detailed briefs filed by the parties in reaching his decision rendered on January 30, 1973. By order to show cause signed February 27, 1973, Local 205 moved pursuant to Section 10 of the Arbitration Act, 9 U.S.C. § 10, to vacate the award, and, by order to show cause signed February 28, 1973, Local 516 cross-moved pursuant to Section 9 of the Act, 9 U.S.C. § 9, to confirm the award. The court heard argument from counsel on March 1 and 7, 1973 and received affidavits and memoranda submitted by the parties in support of their motions.

 The court's jurisdiction under Sections 9 and 10 is "severely limited," since, if it were otherwise, the ostensible purpose for resort to arbitration, which is avoidance of litigation, would be frustrated. Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir.), cert. denied, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960). The role of the court is restricted to ascertaining whether there exists one of the specific grounds for the vacation of an award provided in Section 10. If none of the grounds exists, Section 9 requires that, upon application of a party to the arbitration proceeding, the court confirm the award. The party seeking to vacate an award bears the burden of establishing a ground for vacation. Saxis Steamship Co. v. Multifacs International Traders, Inc., 375 F.2d 577, 582 (2d Cir. 1967).

In seeking to vacate the arbitration award in the instant case, Local 205 alleges the following grounds: (1) the arbitrator was guilty of misbehavior by which the rights of Local 205 were prejudiced, (2) the arbitrator exceeded his authority, (3) the arbitrator manifested a disregard of the law, and (4) there was evident partiality in the arbitrator.

 The misbehavior claimed is the arbitrator's reliance in his decision on an affidavit allegedly never introduced into evidence at the arbitration hearing and allegedly containing a statement which was contrary to a fact stated in paragraph FOURTH of the parties' "Stipulation of Agreed Facts" [Stipulation],[1] and to a finding of the National Labor Relations Board. Although the affidavit, denoted by the parties as the "Winch affidavit," may not have been referred to at the hearing, it was part of the record in Case No. 3–UC–46 before the National Labor Relations Board referred to in paragraph TWELFTH of the Stipulation, and was sent to the arbitrator with an accompanying letter by Horace C. Winch dated May 21, 1971, copies of which were sent to all counsel. The instant case is not like that cited by Local 205, Stefano Berizzi Co., Inc. v. Krausz, 239 N.Y. 315,

---

1. The statement in the affidavit does not clearly contradict the facts contained in paragraph FOURTH of the Stipulation.

146 N.E. 436 (1925), in which the arbitrator made a personal investigation without notice to the parties after the hearings had closed. Rather, it involves the use by the arbitrator of an affidavit which had been submitted to him on notice to all parties, and which was part of the record in a proceeding which the parties had stipulated "may be relevant to the final determination of this action." (Paragraph TWELFTH of the Stipulation.) Furthermore, the fact that the statement in the affidavit relied upon by the arbitrator may have been incorrect is not a ground for vacating the arbitration award. *See* Saxis Steamship Co. v. Multifacs International Traders, Inc., *supra*, 375 F.2d at 581–582; Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., *supra*, 274 F.2d at 808.

■ The claim that the arbitrator exceeded his authority must also be rejected. Whether or not one agrees with his decision, he clearly restricted himself to the question stipulated by the parties at the commencement of the arbitration proceeding: "Which of the two unions, Local 205 AFTE or Local 516 UAW is entitled to perform the work more fully described in the grievances 70–692 & 70–716 filed by 516?" [2]

■■ Local 205's third claim is that the arbitrator's decision manifested a disregard of the applicable law, *see* Wilko v. Swan, 346 U.S. 427, 436, 74 S.Ct. 182, 98 L.Ed. 168 (1953), in that he assumed that a certification by the National Labor Relations Board is a jurisdictional award and that a collective bargaining agreement cannot exceed or contradict that certification. It is apparent that the arbitrator's decision referred not only to the certification by the Na-

tional Labor Relations Board, but also to the contracts between Bell and Local 516 and between Bell and Local 205, to the job descriptions and to the history of the work and the negotiations between Bell and each of the unions. But aside from this consideration, an error on the part of an arbitrator in his interpretation of the law is not a ground for setting aside an award. Office of Supply, Government of the Republic of South Korea v. New York Navigation Co., Inc., 469 F.2d 377, 379 (2d Cir. 1972). Manifest disregard of the law "must be something beyond and different from a mere error in the law or failure on the part of the [arbitrator] to understand or apply the law." San Martine Compania de Navegacion v. Saguenay Terminals Ltd., 293 F.2d 796, 801 (9th Cir. 1961). In order to have an award vacated on this ground, the complaining party must establish that the arbitrator understood and correctly stated the law but proceeded to ignore it. Fukaya Trading Co., S. A. v. Eastern Marine Corp., 322 F.Supp. 278, 282 (E.D.La.1971). *See* Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1214–1215 (2d Cir. 1972). The arbitrator's award does not indicate, and Local 205 has not shown by other means, that this occurred in the instant case.

■ Finally, Local 205 claims that the foregoing grounds for vacating the arbitration award taken together demonstrate evident partiality in the arbitrator. The court does not believe that the alleged partiality is so established. *See* Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 147, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968); Catz American Co. v. Pearl Grange Fruit Exchange, Inc., 292 F.Supp. 549, 551–552 (S.D.N.Y.1968).

2. During oral argument, the attorney for Local 205 claimed that, in the arbitration proceeding between Bell and Local 205, the authority of the arbitrator was limited to interpreting the contract between Bell and Local 205 only. This contention must be rejected, for it is contrary not only to the question stipulated by the parties at the outset of the arbitration proceeding, but also to the case of Columbia Broadcasting System, Inc. v. American Recording and Broadcasting Ass'n, 414 F. 2d 1326 (2d Cir. 1969), on the authority of which tripartite arbitration was ordered in the instant case.

On the basis of the foregoing, Local 205's motion to vacate the arbitration award is denied, and Local 516's motion to confirm the award is granted.

So ordered.