**The JOURNAL TIMES, a Division of Lee Enterprises, Inc., Plaintiff,**

v.

**MILWAUKEE TYPOGRAPHICAL UNION NO. 23, an Unincorporated Labor Organization, Defendant.**

**No. 75–C–199.**

United States District Court, E. D. Wisconsin.

Jan. 16, 1976.

Foley & Lardner by George D. Cunningham, Herbert P. Wiedemann, Milwaukee, Wis., for plaintiff.

Goldberg, Previant & Uelmen by Robert E. Gratz, Walter F. Kelly, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for summary judgment dismissing the complaint; the plaintiff has moved for partial summary judgment seeking such judgment as to all of its causes of action except the fourth. The complaint alleges in six separate causes of action that the arbitrator's award was illegal. It is the plaintiff's position that the fourth claim presents an issue of fact for trial.

The arbitrator's award, issued on September 25, 1974, resolved various grievances between the parties. The court reporter who was engaged to record the proceedings was unable to participate because of illness, and therefore a tape recorder was employed. However, the tape recorder preserved only an incomplete record of the proceedings because

the device was not operating correctly. When the arbitrator subsequently learned that the recording device had not functioned properly, he informed the parties of that fact and gave them an opportunity to submit briefs in order to comment upon or to cure any defects or omissions in the record. Both parties utilized that opportunity. The absence of a perfect record in this case does not, in my opinion, fatally taint the arbitrator's award. It has, however, made review in this court more burdensome.

The arbitrator did not sign the award at the time he made his decision. When plaintiff's counsel suggested to the arbitrator that the award was not enforceable because of the absence of his signature, the arbitrator consulted with a private attorney. Based on the latter's advice, the arbitrator concluded that his award was nevertheless valid and enforceable. The fourth cause of action charges that the arbitrator "sought and relied upon the advice of counsel of another individual . . . and upon information and belief based his award on said off the record communications." While the complaint is not specific as to what other advice was sought by the arbitrator, it is possible that this refers to the arbitrator's consultation with the attorney *after* the award had been made.

The record before the court includes a deposition of the arbitrator taken at the instance of the plaintiff. In this deposition, the arbitrator denies that he had any conversations to help him reach his decision. In my opinion, the broad allegations of the fourth cause of action cannot withstand the defendant's motion for summary judgment; the fourth cause of action does not adequately assert facts or circumstances constituting misconduct on the part of the arbitrator to justify a vacation of the award. *Bell Aerospace Co. v. Local 516, UAW*, 356 F.Supp. 354 (D.C.), aff'd, 500 F.2d 921, 923 (2d Cir. 1974).

The plaintiff also urges that it is entitled to summary judgment on its first cause of action. In that count, the plaintiff urges that the arbitrator acted

arbitrarily, capriciously, and in excess of authority because his award "was not based upon evidence adduced at hearing, but was based upon considerations other than the applicable language of the contract and the evidence adduced at hearing." An arbitrator may ground an award on past practices, but there must be evidentiary support for such findings. *Torrington Co. v. Metal Products Workers Union*, 362 F.2d 677 (2d Cir. 1966). The illness of the court reporter and the defectiveness of the recording device actually used at the hearings has rendered it difficult to resolve this issue with absolute certainty. However, the memoranda of counsel which were invited by the arbitrator after the deficiencies in the record became known demonstrate that there was consideration of past industry practices.

With reference to the other causes of action, I am satisfied that the defendant is entitled to the granting of its motion for summary judgment.

Therefore IT IS ORDERED that the plaintiff's motion for partial summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the defendant's motion for attorneys' fees be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed, with costs to the defendant.