In the Matter of ROBINS SILK MANUFACTURING Co., INC., Appellant, against CONSOLIDATED PIECE DYE WORKS, Respondent.

(Submitted April 26, 1929, decided May 28, 1929.)

*S. John Block* for appellant. The award was properly vacated by the Special Term because of the misconduct of the arbitrator Flower who made an independent, original investigation of the plant, machinery and invoices of the Consolidated Company without the consent of all of the arbitrators and not in their presence or in the presence of all of the parties, which investigation influenced and controlled his judgment and was a determining factor in his decision. In addition, the arbitrator Patterson was manifestly partial to the Consolidated Company and while the arbitration was pending was negotiating for employment by the Consolidated Company and entered its employ a few days after the award was made. (*Berizzi Co., Inc.,* v. *Krausz,* 239 N. Y. 315; *Matter of Friedman,* 215 App. Div. 130; *Matter of American Eagle Fire Ins. Co.* v. *New Jersey Ins. Co.,* 240 N. Y. 398.)

*Robert E. Mebel* for respondent. An independent inspection or investigation by an arbitrator is not unlawful when made with the consent of all, or knowledge without protest; and where the proof is substantial that the arbitrators acted in good faith and that the independent inspection is valid, the award of the arbitrators is binding. (*Berizzi Co., Inc.,* v. *Krausz,* 239 N. Y. 315; *Horowitz* v. *Kaplan,* 224 N. Y. Supp. 498; *Berkowitz* v. *Arbib,* 230 N. Y. 261.)

*Per Curiam.* The appellant, Robins Silk Manufacturing Co., Inc., delivered silks to the respondent, Consolidated Piece Dye Works, to be dyed. A controversy as to the manner in which the work had been done was submitted to arbitration. A motion was made by the appellant to

vacate the award on two grounds: *First*, that one of the three arbitrators had been guilty of misbehavior in inspecting the respondent's machinery in the absence of the parties, and *second*, that another arbitrator had been guilty of misbehavior in bargaining with the respondent for employment while the arbitration was pending. The Supreme Court at Special Term upheld the first of these charges, though refusing to sustain the second. The Appellate Division reversed and confirmed the award.

As to the first of the two charges, the evidence sustains a finding that the arbitrator who inspected the machinery was acting with the knowledge and consent of both the parties to the proceeding. In such circumstances there can be no basis for a holding that the inspection was misconduct within the rule of *Berizzi Co., Inc.*, v. *Krausz* (239 N. Y. 315). Whether misconduct might have been found in the absence of consent, there is no occasion to consider.

As to the second of the two charges, the evidence sustains a finding that the treaty for employment did not begin till the award had been made, at a time, therefore, when the arbitrator was *functus officio*. If he had bargained for employment while the arbitration was pending, his act would have been misbehavior so flagrant and offensive as to vitiate the award, though the closing of the contract was postponed till later. The courts below have found, however, that he is not subject to that reproach. The proposal did not come from him, but came from the new employer, and came for the first time when he had ceased to be an arbitrator. What he did in bargaining so soon thereafter might better not have been done since it has exposed him to suspicion. We cannot say that it was misbehavior as matter of law.

The judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.