Seaboard Surety Company *v.* Commonwealth, Appellant.

Argued May 22, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*George W. Keitel,* Deputy Attorney General, with him *James H. Duff,* Attorney General, for appellant.

*Lewis M. Stevens,* with him *Mary Barb Johnson, Stradley, Ronon, Stevens & Young, Scott R. Leiby,* of *Snyder, Hull, Leiby & Metzger,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1944:

This is an appeal by the Commonwealth of Pennsylvania from the order of the court below vacating an

arbitration award in its favor because of misconduct of the arbitrators. Where a Board of Arbitration secures ex parte evidence upon a fundamental issue of fact after the matter has been submitted to it for determination, and no notice thereof or opportunity to attack such evidence has been given to the claimant, are the arbitrators guilty of such misconduct within the meaning of Section 10 of the Act of 1927, P. L. 381, 5 P.S. Section 170, which would warrant the vacating of their award subsequently made?

On April 13, 1933, the Spooner Bridge Corporation entered into a contract with the State Highway Department for the construction of a certain section of highway and bridge across the Susquehanna River between Oakland and the Susquehanna Depot. The specifications included a blue print, known as the General Plan, which contained a design of the bridge, a statement of quantities of materials, and showed the results of thirteen test borings made for the Department by independent contractors, each test hole showing some amount of subsoil described as "blue clay and boulders." The Spooner Corporation abandoned performance of its contract in September of 1933, whereupon the Seaboard Surety Company, appellee, completed the work in accordance with the contract bond and presented for its account, as assignee of the Spooner Bridge Corporation, its claim for damages resulting from an alleged misrepresentation in the General Plan.

Appellee contended that the designation of "blue clay and boulders" as some of the material contained in the subsoil was false and constituted a misrepresentation by the Department, as a result of which it suffered a loss in the amount of $58,899.73.[1] The claim was heard by the Board of Arbitration which consisted of the Secretary of Highways Van Dyke, and Attorney General Margi-

---

[1] Appellee's petition in support of its motion to vacate avers that "the material encountered at depth . . . was sand and gravel and boulders . . ."

otti. Evidence was presented by the respective parties to prove the existence and non-existence of blue clay in the subsoil. The case was ready for decision on April 19, 1937, but no decision was handed down by said Board until January 17, 1939. Van Dyke died on March 30, 1938, and was succeeded by Roy E. Brownmiller. Attorney General Margiotti was succeeded by Attorney General Bard. The award, made on the last day of the respective terms of office of Brownmiller and Bard, concluded that blue clay was present, as specified, and recovery for appellee was refused. The Board meanwhile conducted a separate ex parte investigation through one Mr. Ashley, a state geologist. His report was filed with the Board on August 20, 1937, wherein he concluded that blue clay was present in the subsoil. Appellee had no knowledge of this ex parte investigation nor was opportunity afforded it to examine the report until after the award had been made. There was no opportunity to crossexamine the state geologist or to introduce evidence to explain or contradict the report.

The Seaboard Surety Company promptly petitioned the court below for a rule to vacate said award, alleging misconduct on the part of the Board in that it had received ex parte evidence upon a fact at issue without appellee's knowledge and consent, and that the award was improper for the reason that the members of the Board did not prepare the opinion, read the testimony and briefs, or sit as a Board of Arbitration for consideration of the issues involved. The Commonwealth filed a petition under the Act of 1925, P. L. 23, raising a question of jurisdiction. In *Seaboard Surety Company v. Commonwealth*, 345 Pa. 147, this court held that the court below had jurisdiction to consider the petition and remitted the record for further proceedings. The Commonwealth thereupon filed an answer denying misrepresentation, that Van Dyke died before completing a study of the testimony and before making a decision on the merits of the case, and averring that the results of the ex parte

investigation had no effect upon the decision which was made by the Board prior to the filing of the report of the state geologist. On May 3, 1943, the court below entered a decree making absolute the rule to vacate the award for want of a sufficient answer. This appeal followed.

Section 10 of the Act of 1927, supra, provides that the court "shall make an order vacating the award upon the application of any party to the arbitration: . . . (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced." An award may be properly set aside for misconduct of the arbitrators if after the hearings are at an end they receive testimony or evidence on behalf of one of the parties without notice to the other. This rule is generally qualified by the requirement that there has been no possibility of injury to the offended party. See 3 Am. Jur. pgs. 933, 966; *Curran v. Philadelphia*, 264 Pa. 111, 119. In *Berizzi Co. v. Krausz*, 239 N.Y. 315, 146 N.E. 436, it was held that the action of the arbitrator in making an ex parte investigation of his own prior to making the award constituted misconduct which warranted setting aside the award for the reason that the evidence adduced related to a fact in issue. Judge CARDOZO said (p. 438): ". . . it [the evidence] was collected and acted upon without the knowledge of those affected and without opportunity to repel it. We do not mean, of course, that an award will be vitiated by investigations in the absence of the parties if directed toward facts of trifling importance or facts of such a nature as to preclude reasonable contest. This may include views or measurements or the ascertainment of physical conditions notorious and permanent. There may be times, also when an inference will be permissible that a trial in the proper sense has been waived, and that the arbitrators by tacit, if not express, consent have been au-

thorized by the parties to proceed in their own way." The cases of *E. Gerli & Co., Inc., v. Heineman Corp.,* 258 N. Y. 484, 180 N. E. 243, and *Robins Silk Mfg. Co., Inv., v. Consolidated Piece Dye Works,* 251 N. Y. 87, 167 N. E. 181, relied upon by appellant, reaffirm the criterion in the *Berizzi* case and were decided upon exceptions noted therein. In the *Gerli* case counsel for the Heineman Corporation would not object to the tests made concerning quality of silk and considered the issue of quality immaterial (p. 244). In the *Robins* case there was a finding that the arbitrator inspected the machinery with the consent and knowledge of both parties to the proceeding, and the question of misconduct in the absence of such consent was specifically not considered. In *Horowitz v. Kaplan,* 224 N. Y. S. 498, 499, arbitrators made several inspections of machinery, "in pursuance of an agreement 'to waive all formalities of any kind and nature, so as to be able to arrive at a correct decision in the matter untrammeled by any formalities'." It was agreed that the arbitrator appointed by the court should return alone and examine the merchandise. The court said (p. 500): "Here the inspection of the merchandise had already been had by all three of the arbitrators, and the subsequent inspection . . . was not an unknown or unrelated incident, of which they had no knowledge, but was a mere reinspection of the very merchandise upon which the others had already made up their minds. There were no independent inquiries. There was nothing additional imparted to this arbitrator, that his fellow arbitrators had no opportunity to learn. The physical condition of the goods remained the same as when all the arbitrators examined the goods in the presence of the parties, and no prejudice arose from this conduct of the arbitrator."

It is not essential that the arbitrators intentionally and fraudulently committed the acts complained of. ". . . misbehavior, though without taint of corruption or fraud, may be borne of indiscretion": *Berizzi Co. v.*

*Krausz,* supra, 437; *Seaboard Surety Co. v. Commonwealth,* supra, 153. It is clear that the action of the arbitrators in securing an independent report on a matter at issue constitutes misconduct within the meaning of the arbitration act. It cannot be seriously contended that appellee was not injured as a result of the acts of the arbitrators. It was deprived of its right to cross-examine the state geologist and to adduce evidence to rebut his testimony. As said by Judge CARDOZO in *Berizzi Co. v. Krausz,* supra, 437, "If misbehavior be assumed, we cannot doubt upon this record that prejudice resulted. The [appellee], knowing nothing of the evidence, had no opportunity to rebut or even to explain it."

Appellant contends, however, that the report of the state geologist in no way affected the decision of the Board. In its answer to the appellee's petition the Commonwealth avers that "the members of the board had determined that blue clay was present in the excavation prior to any reference of the matter to the State Geologist and such prior determination was based exclusively upon the testimony. It is further averred that the reference to the State Geologist was made for the purpose of safeguarding petitioner's own interest, since a preponderance of testimony showed that blue clay was present and the arbitrators had so found. Defendant further avers that the report of the Geologist was not used as a basis of the decision but merely to confirm the decision previously reached." This averment is inconsistent with paragraph twelve of its answer wherein it avers that the decision was prepared only after the Board of Arbitrators met and considered the testimony. Since the geologist's report was filed in August of 1937, when neither Brownmiller nor Bard, who signed the arbitrator's award, were in office, they could not have arrived at a decision prior to the filing of the report. If it is assumed that they did not read the report as part of the testimony in the case then

appellee's allegation that the arbitrators who made the award did not consider the testimony and merely adopted an opinion of their predecessors is true. Appellant by its averments has established misconduct by the arbitrators in considering ex parte evidence upon a fundamental issue of fact without the consent of appellee and by reason of the failure of the Board of Arbitrators to study the testimony and arrive at a conclusion based thereon.

Order affirmed. Costs to be paid by appellant.