## Quinn v. Safeguard Mutual Insurance Co.

*R. C. Ferroni*, for plaintiff.
*R. A. Gelinas*, for defendant.

DURHAM, *J.*, October 31, 1979—The matter before this court is a petition filed by defendant to vacate an uninsured motorist arbitration award.

On September 10, 1977, plaintiff, Daniel Quinn, was injured while riding in a motor vehicle owned and operated by Charles Maude. The accident which resulted in plaintiff's injury was allegedly caused by an unidentified motorist who cut in front of Maude's vehicle from the right lane as it proceeded south on Route 130 in New Jersey. Maude, in order to avoid hitting this car, swerved into the left lane and lost control of his vehicle, which then rammed into the medial strip, bounced back, swerved to the right and crashed into a pole.

Maude's vehicle was insured by defendant, Safeguard Mutual Insurance Company, under policy no. FAC 43451. The terms of this policy included the mandatory uninsured motorist/hit and run protection required by the Uninsured Motorists Act of August 14, 1963, P.L. 909, as amended, 40 P.S. §2000. The policy also provided for arbitration of disputed uninsured motorist claims pursuant to the provisions of the Uniform Arbitration Act of April 25, 1927, P.L. 381, 5 P.S. §§161-181.

Plaintiff demanded arbitration under the terms of the policy. Each party appointed an arbitrator and they, in turn, agreed to the selection of a third arbitrator. A hearing was held on May 11, 1978. Plaintiff testified and then rested his case. Defendant presented the testimony of Harvard Loper, a passenger in another vehicle involved in the accident in question. His relevant testimony, however, was ruled inadmissible by the arbitrators. Plaintiff then presented the testimony of Roland Perry, the driver of the vehicle in which Loper was a passenger. His testimony concerned a letter which he had received from defendant, in which defendant stated that Maude was not at fault. The testimony was then closed.

On May 16, 1978, the chairman of the arbitration panel requested that counsel for both parties submit briefs on two legal issues. These briefs were subsequently submitted. On June 23, 1978, the chairman of the arbitration panel, on behalf of himself and the other members, requested that a second hearing be held to take the testimony of Charles Maude. This hearing was held on October 24, 1978, over the objection of defendant. On January 15, 1979, the panel notified the parties that it found in favor of plaintiff in the amount of $15,000, exclusive of P.I.P. benefits, with one arbitrator dissenting. It is this award which defendant seeks to vacate.

Plaintiff, in his answer to defendant's petition to vacate arbitration award, argued in a new matter that the petition was untimely filed and should be quashed. We disagree.

The Pennsylvania Arbitration Act of 1927, 5 P.S. §173, states:

"Notice of a motion to vacate, modify, or correct an award shall be filed in the prothonotary's office of the court in which the application is made, and to be served upon the adverse party, or his attorney, within three months after the award is filed, or delivered, as prescribed by law for service of notice of a motion in an action. The court may in all proper cases, upon the filing of the motion, grant a stay of proceedings pending the determination of the motion."

It is clear that notice of a motion to vacate must be served upon the adverse party within three months. This section does not state that the motion must necessarily be *filed* with the prothonotary within three months. Defendant sent a copy of his petition and a 15-day letter to plaintiff's counsel on April 10, 1979, which was within the three months' time period required by the act. The fact that the petition was not filed with the prothonotary until 11 days after the expiration of the three months' time period appears to be irrelevant. Moreover, plaintiff does not allege that he suffered any prejudice as a result of the delay in the filing of defendant's petition. Therefore, this court will proceed to discuss the merits of defendant's petition and issue an order.

Defendant, in his petition to vacate arbitration award argues that the action of the arbitrators in sua sponte holding a second hearing in order to take the testimony of Charles Maude constituted misconduct and/or irregularity sufficient to require vacating the award. We disagree and therefore dismiss defendant's petition.

The Pennsylvania Arbitration Act sets forth the grounds for vacating an award:

"In either of the following cases the court shall make an order vacating the award upon the application of any party to the arbitration: (a) Where the award was procured by corruption, fraud, or undue means. (b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them. (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced. (d) Where the arbitrators exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

"Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators." 5 P.S. §170.

Misconduct, under this section, need not be the result of fraud or corruption, but can be a result of indiscretion: Seaboard Surety Co. v. Com., 350 Pa. 87, 91, 38 A. 2d 58, 60 (1944); Reisman v. Ranoel Realty Co., 224 Pa. Superior Ct. 220, 223-24, 303 A. 2d 511, 513 (1973). However, the action of the arbitrators neither exceeded its powers nor constituted misconduct.

While arbitrators are not held to the same standards of procedural correctness as the judiciary, arbitrations are not totally informal proceedings and are in the nature of judicial inquiries: Reisman v. Ranoel Realty Co., supra. The observance of minimum standards needed to secure a fair and

impartial decision is required: Reisman v. Ranoel Realty Co., supra; Scholler Bros., Inc. v. Otto A. C. Hagen Corp., 158 Pa. Superior Ct. 170, 173, 44 A. 2d 321, 322 (1945). Some of the procedural standards which have been enumerated by the courts include notice to parties of pending meetings, the presence of all arbitrators at hearings, and the right of each party to be present during the presentation of the other party's evidence: Scholler Bros., Inc. v. Otto A. C. Hagen Corp., supra. The last standard is particularly important because the denial of a party's right to cross-examination has been found to be misconduct on the part of an arbitration panel: Seaboard Surety Co. v. Com., supra; Reisman v. Ranoel Realty Co., supra.

In the present case, the arbitrators gave the parties advance notice of the second hearing, and defendant had full opportunity to cross-examine the witness, Charles Maude. Moreover, defendant does not suggest that the arbitrators had any improper motivation for requesting the testimony of Maude. As a matter of fact, the arbitrator selected by defendant joined in the request for the second hearing, even though he ultimately dissented from the award. Therefore, it cannot be said that the arbitrators' action was misconduct sufficient to warrant the vacating of the award.

Furthermore, the arbitrators did not exceed the scope of their authority. Since an arbitration is in the nature of a judicial inquiry, the arbitrator's role is analogous to the role of a judge. It is clear that a judge, in the interest of justice, may call witnesses: Com. v. DiPasquale, 424 Pa. 500, 504, 230 A. 2d 449, 450 (1967); Com. v. Burns, 409 Pa. 619, 636, 187 A. 2d 552, 561 (1963). Cf. Van Buren v.

Eberhard, 377 Pa. 22, 29-30, 104 A. 2d 98, 101 (1954). Thus, the arbitrators did not exceed their authority by requesting to hear the testimony of Maude.

## ORDER

And now, October 31, 1979, upon consideration of defendant's petition to vacate arbitration award and plaintiff's answer thereto, it is hereby ordered and decreed that defendant's petition is dismissed and that the arbitration award in favor of plaintiff in the amount of $15,000 exclusive of P.I.P. benefits entered on January 15, 1979 is confirmed.