## Paul L'Esperance, Inc. v. Anzilotti

*William L. McLaughlin,* for plaintiff.
*Andrew J. Forbes,* for defendants.

BLOOM, *J.,* February 27, 1981—The issue before this court for consideration is a petition presented by plaintiff to vacate an award entered by Arbitrator Kenneth LeFevre, who was appointed by the American Arbitration Association to arbitrate the dispute because defendants in the above case refused to pay the sum of $14,091.18 claimed by plaintiff as the balance due him for the construction of the dwelling of defendants located at 4 Hillock Lane, Chadds Ford, Pa.

Plaintiff filed his demand for arbitration in the following form:

"To: Clifford and Sandra Anzilotti
4 Hillock Lane
Chadds Ford, Pa. 19317

"Named claimant, a party to an arbitration agreement contained in a written contract, dated October 13, 1976, providing for arbitration, under the Construction Industry Arbitration Rules, hereby demands arbitration thereunder.

"NATURE OF DISPUTE:

"Defendants have failed and refused to pay bal-

ance due on contract dated the 13th day of October, 1976 for services pursuant to Voucher #6 in the sum of $22,862.00, less credits of $20,065.37, or the net amount of $2,796.63, or to pay for extras under the contract in the sum of $11,136.65.

"CLAIM OR RELIEF SOUGHT (amount, if any)

| | |
|---|---|
| Balance 11/14/77 | $13,933.28 |
| Interest 1/21/78 | 157.90 |
| TOTAL | $14,091.18 |

"HEARING LOCALE REQUESTED: Philadelphia, Pennsylvania"

Defendants filed their response to the demand for arbitration contending that they were not indebted to plaintiff in any sum whatsoever and filed a counterclaim as follows:

"Owners allege and aver that Builder breached the following provisions of the written agreement dated October 13, 1976: Paragraphs 1, 2, 3, 4, 6, 12 and 15.

"As a direct and proximate result of the repeated and deliberate breaches set forth in the preceding paragraph Owners have been delayed in the possession and enjoyment of their residence, have been compelled to tolerate unsatisfactory and unworkmanlike conditions and hazards, have been compelled to arrange and pay for substitute work and repairs by other builders and have been compelled to replace unsatisfactory materials used by Builder.

"As a direct and proximate result of the Builder's acts and omissions as aforesaid Owners have sustained monetary damages in the approximate sum of $20,000.00, as substantially set forth in a certain letter from Owners to Builder dated September 26, 1977, a copy of which is annexed hereto as Exhibit A."

Kenneth LeFevre was appointed arbitrator and held hearings on June 7, 1978, June 15, 1978, July 6, 1978 and the premises were viewed on July 10, 1978 and on September 27, 1978. On October 30, 1978 the arbitrator filed award of arbitrator as follows:

"I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Arbitration Agreement entered into by the above-named Parties, and dated October 13, 1976 and having duly heard the proofs and allegations of the Parties, AWARD, as follows:

"1. The claim of PAUL L'ESPERANCE, INC. hereinafter referred to as CLAIMANT against CLIFFORD AND SANDRA ANZILOTTI, hereinafter referred to as RESPONDENT, is denied in its entirety.

"2. The counterclaim of RESPONDENT against CLAIMANT is allowed in the amount of SEVEN THOUSAND SEVEN HUNDRED EIGHTY-TWO DOLLARS ($7,782.00).

"3. The administrative fees of the American Arbitration Association shall be borne equally by the parties and paid as directed by the Association.

"4. This Award is in full settlement of all claims submitted to this arbitration by either party, one against the other.

Signed/ Kenneth LeFevre"

After receiving the award, plaintiff filed in this court a rule to show cause why an order vacating the award of the arbitrator dated October 30, 1978 should not issue. All proceedings including judgment on and confirmation of the award to stay

meanwhile which was made returnable on November 27, 1978. In the rule to show cause, plaintiff complained of 32 errors committed by the arbitrator in the manner in which he conducted the hearing and the preparation of the award.

It is to be noted that notwithstanding the time devoted to the hearings, the award consisted of four paragraphs without any explanations whatever as the basis for this decision.

On December 3, 1979 the parties agreed not to present oral testimony hereon and to present their respective cases by means of depositions, transcripts, and briefs. The court does not feel it necessary to recite each complaint separately, but to divide them into five categories as follows:

1. The arbitrator erred in securing ex parte evidence upon fundamental issues of fact after the matter had been submitted to him for determination without an opportunity given to plaintiff to attack such evidence.

2. The arbitrator erred in refusing to receive evidence offered by plaintiff on material issues.

3. The arbitrator erred in permitting witnesses to testify as to the alleged defective work who were not qualified to do so.

4. The arbitrator erred in permitting evidence as to matters which were not properly pleaded in accordance with the rules of the construction industry arbitration rules.

5. The arbitrator did not possess the proper qualifications to conduct the hearing in this matter.

With reference to the first assignment of error, the court refers to a letter written by the arbitrator to John McLaughlin who is the tribunal adminis-

trator of the American Arbitration Association, which is as follows and is part of this record.

"American Arbitration Assoc. August 12, 1978
 1520 Locust St.
 Philadelphia, Pa. 19102
 Attn: John C. McLaughlin
 Re: Case No. 14 10 0009 78 J
 Paul L'Esperance Inc. and
 Clifford and Sandra Anzilotti

Dear John:
As I told you on the phone today, I am not at all satisfied with the cost and cost related evidence presented by either party in this case. I stand ready to make an award with the evidence and testimony I have heard and seen to date and upon examination of the briefs submitted but wonder if both parties might consider authorizing the following in an effort to obtain the fairest possible judgment on my part:

(1) Allow me to engage the services of a completely unbiased builder experienced in building the type home in question. He would be my advisor on a second site visitation.

(2) I would insist that there be no testimony presented by either party during this site visitation.

(3) The builder I have in mind is from Avalon, N.J. and specializes in expensive, custom built homes on the water on both bay and beach front properties.

(4) There would be an additional day charge for my time plus $300.00 to cover the builder's time and travel cost to be borne equally by both parties.

I will appreciate your contacting both parties and advising me their reaction to the above suggestion. Unless both parties agree I will make the award on the evidence and testimony at hand.
Very truly yours,
Signed/Kenneth G. LeFevre"

You will note by this letter that he engaged the services of a builder from Avalon, New Jersey, whose name is unknown, with the specific understanding that there was no testimony to be presented by either party during his visitation and he would be considered by the arbitrator as his advisor.

The testimony will also show that the arbitrator instructed plaintiff that they were not to ask any questions of this expert builder nor was their lawyer to be present. In further support of this misbehavior and misconduct, the record will show that John McLaughlin, who had been employed by the American Arbitration Association for a period of ten years and was their tribunal administrator, was asked the following questions:

"Q Was there any other case where an arbitrator said that he wanted to have an expert come on the scene, and he wanted nobody present, no questions asked, nobody present but the parties themselves?

A That I can't recall or say that I, myself, had a case of that type.

Q So that your testimony is that you know of no other case where that procedure was followed?

A That I have handled, yes."

Mr. McLaughlin further stated that he does not know of any cases in the construction business where such limitation was placed upon a witness.

Mr. P. L'Esperance testified that the total time that the expert witness was on the premises mak-

ing the inspection was about forty minutes and this included putting a ladder against the house, going up on the roof to see that the chimney was tarred.

The court held in Seabord Surety Co. v. Com., 350 Pa. 87, 38 A. 2d 58 (1944):

"The action of a Board of Arbitration in securing ex parte evidence upon a fundamental issue of fact after the matter has been submitted to it for determination, without any notice thereof or opportunity to attack such evidence given to the claimant, constitutes misconduct, within the meaning of section 10 of the Act of April 25, 1927, P.L. 381, which warrants the vacating of the award subsequently made.

Misbehavior by arbitrators by which the rights of a party to an arbitration are prejudiced is, under section 10 of the Act of 1927, ground for setting aside their award even though the acts complained of were not committed by the arbitrators intentionally and fraudulently."

In view of the testimony in this case, the court feels that it is sufficient to show a misbehavior on the part of the arbitrator which warrants the court in vacating the award of the arbitrator in this case.

With reference to the second assignment of error, the transcript of the depositions will show that plaintiff expressed a desire to offer testimony to disprove the complaints about the ceiling, windows, glass and beam and other items complained of to prove that they were not defective in their construction. The arbitrator refused them permission to do so which is in violation of the decisions of our court.

In Reisman v. Ranoel Realty Co., 224 Pa. Superior Ct. 220, 224, 303 A. 2d 511 (1973), the court stated:

"The cases are legion enunciating the belief that lay arbitrators, like those on the panel which presided in the instant case, should not be held to the same standard of procedural correctness as their judicial counterparts. Scholler Bros. v. Hagen Corp., 158 Pa. Super. 170, 44 A. 2d 321 (1945). Arbitrations, however, are not wholly informal proceedings and are in the 'nature of judicial inquiries.' The basic principles of hearing conduct must be adhered to, with 'the arbitration process requiring for its validity the observance of certain minimum standards indispensable to the securing of a fair and impartial disposition of the merits of a controversy.' Scholler, supra, at 173.

"In the absence of any specific statutory provision or agreement of the parties to the contrary, participants in arbitrations are entitled to a full hearing with the opportunity to be heard and to present evidence. In Smaligo v. Firemen's Fund Insurance Co., 432 Pa. 133, 247 A. 2d 577 (1968), an appeal from an award in a common law arbitration, our Supreme Court held that the refusal to receive evidence offered by one of the parties on a material issue constituted grounds for vacating the award, as that party had been 'denied a full and fair hearing.' Similarly, the ex parte receipt of evidence as to a material fact without notice to one of the parties has been held to constitute misconduct by the arbitrators sufficient to warrant vacating of their award."

We are mindful of the decisions of this court and our appellate courts which state that arbitration awards are not to be set aside by the court unless they find fraud, misconduct, corruption or similar irregularities leading to an unjust, inequitable or unconscionable result.

The court believes in view of the facts that were set forth in the depositions that there was sufficient evidence of misconduct and irregularities leading to an unjust and inequitable result.

In view of our decision that this award should be set aside, it is not necessary for this court to review the other assignments of error.

Therefore, we enter the following

## ORDER

And now, February 27, 1981, after consideration of testimony presented in the depositions, it is hereby ordered and decreed that the rule to show cause against defendants is made absolute and the award of the arbitrator, dated October 30, 1978, is vacated and remanded before another arbitrator.