In the Matter of the Arbitration between A. ALFRED FRANKS, Respondent, and PENN-URANIUM CORPORATION et al., Appellants.

First Department, May 21, 1957.

*Irwin Karp* of counsel (*Hays, St. John, Abramson & Heilbron,* attorneys), for appellants.

*Leonard G. Bisco* of counsel (*Newman & Bisco,* attorneys), for respondent.

BERGAN, J. The respondents-appellants moved at Special Term during the pendency of an arbitration proceeding and in advance of the making of an award for an order to remove and disqualify the arbitrators for misconduct.

The ground of misconduct specified in the moving papers is a suggestion made by one of the arbitrators after the proceeding was under way that both parties give consideration to increasing the fees of the arbitrators which had previously been stipulated, because the arbitrators were finding the proceeding more onerous than they had contemplated.

The notice of motion at Special Term specified that the suggestion to increase fees attributed to the arbitrators " violated Section 1462(3) of the Civil Practice Act ". The court at Special Term was of opinion that the suggestion was not misconduct; and denied the motion on the merits.

The relief available for the misconduct of an arbitrator within subdivision 3 of section 1462 which after specific enumerations, sweeps in " any other misbehavior by which the rights of any party have been prejudiced ", is by an order vacating the award.

This contemplates judicial action addressed to the conduct of an arbitrator after the proceeding has been completed and an award has been made. It is then that it may be seen clearly whether rights of a party " have been prejudiced " by the misconduct.

In its whole general scheme, article 84 of the Civil Practice Act, carefully circumscribes the conditions of judicial supervision of arbitration and of judicial interference with its processes. No general authority has been demonstrated for the relief sought on this motion " disqualifying and removing " the arbitrators in the course of the proceedings and in advance of an award.

The power of the court for relief against misconduct set up in the section on which the motion was based is plainly, by that statute, to be exercised by " an order vacating the award ".

Thus the order denying the motion should be affirmed without considering on the merits the question of misconduct. That question may be determined when an award has been made, and a motion to vacate the award is the procedural avenue by which it is reached. (See, e.g., *Berizzi Co.* v. *Krausz,* 239 N. Y. 315; *Matter of Oltarsh* v. *Classic Dresses,* 255 App. Div. 532; *Matter of Friedman,* 215 App. Div. 130.)

Our affirmance on procedural grounds is not, therefore, an approval of the highly questionable acts of the arbitrators purporting to ask, during the pendency of the proceeding, consideration by the parties of increasing their stipulated compensation; and we do not undertake to pass definitively on the propriety or effect of this conduct because we consider that there is at this stage an absence of jurisdiction to pass upon it. If the present arbitrators continue in the proceeding and

make an award, the question will thereupon become mature for adjudication.

The order should be affirmed.

BREITEL, J. P., BOTEIN and RABIN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.