In the Matter of the Arbitration between ALBERT ELIA BUILDING COMPANY, INC., Respondent, and COUNTY OF NIAGARA, Appellant.— Judgment and order reversed on the law and facts, with costs to the appellant and matter remitted to Special Term for further proceedings in accordance with the memorandum. Memorandum: In our opinion, Special Term in the exercise of a proper discretion should have conducted a hearing as to the issues raised by appellant's cross motion to vacate the award on the ground that it had been prejudiced by the claimed misbehavior of the arbitrators. (Civ. Prac. Act, § 1462, subd. 3.) The present record presents a grave question as to the propriety of the actions of one or more of the arbitrators in repeatedly discussing with the parties the matter of fees. If the arbitration had been conducted as the demand therefor suggested, under the rules of the American Arbitration Association, it might be found that the arbitrators were to serve without compensation. In any event those rules are specific "that any arrangements for the compensation of a panel arbitrator shall be made through the Administrator and not directly by him with the parties." If this rule was applicable there was a violation thereof by one or more of the arbitrators. If, on the other hand, the arbitrators had decided that another provision in the basic contract, permitting them to fix their compensation, was controlling it should have been implemented without further ado. The county was further embarrassed and possibly prejudiced by the activities of the association's vice-president in charge of tribunals in suggesting that the parties stipulate to pay

the arbitrators an "honorarium" — an honorary payment for gratuitous services — of $1,500. Obviously, such gifts may not be made from public funds. The respondent so stipulated but the county refused to do so. Lastly, we express grave concern as to a factual statement in an affidavit made by an officer of respondent. It is blandly alleged therein that one of the arbitrators during the course of the hearings talked privately with this officer and his counsel about settlement and told them that the evidence so far showed some liability on the part of the county. Later these attempts to settle were pursued with the county's attorney. It is not denied that the latter was told by the arbitrator that "You're crazy not to settle it for $17,000 — I know the award will be substantially more than that." The award was slightly more than $20,000. There should be a full exploration of all these facts upon the hearing, including testimony, if possible, from the tribunal officials, who apparently were reluctant to make affidavits in this proceeding. All concur. (Appeal from a judgment of Niagara Supreme Court in favor of the Albert Elia Bldg. Co. and the American Arbitration Association in a proceeding to arbitrate disputes under a construction contract. The order confirmed the arbitrators' award and denied motion by the county to vacate the award.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.