■ In the Matter of the Arbitration between IRWIN LEBOW et al., Respondents, and BOGNER-SEITEL REALTY, INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered January 21, 1976 in Sullivan County, which granted petitioners' application to vacate the arbitrators' award and denied appellant's application to confirm the award. In September, 1974 the parties entered into construction agreements under

which appellant agreed to erect two residence buildings on lots owned by petitioners. After appellant had performed some work on the lots, certain differences arose between the parties and ultimately petitioners elected to submit the matter to arbitration pursuant to the contracts. Upon each side choosing an arbitrator, the two chosen arbitrators selected a third arbitrator and thereafter hearings were held. Prior to the second and final hearing day the third arbitrator on his own, without notice to the other arbitrators or the consent of the parties, visited the site which was the subject matter of the arbitration proceeding. At the beginning of the second day of the hearing this arbitrator announced that he had made his independent inspection. No objection to this inspection was raised, and the arbitration proceeded to conclusion. The arbitration panel made a $7,000 award to appellant by a two to one vote on August 7, 1975. In December, 1975 appellant moved for a confirmation of the award. Petitioners then applied to vacate the award. Special Term vacated the award and this appeal ensued. The court properly determined that the arbitrator's independent inspection constituted misbehavior which is a valid ground for vacating an award *(Berizzi Co. v Krausz,* 239 NY 315; *Matter of 290 Park Ave. [Fergus Motors],* 275 App Div 565). Petitioners, however, had ample opportunity to object to the arbitrator's behavior but failed to do so until after the adverse award was made. Consequently, it is this court's view that petitioners waived their right to object after the granting of the award (see *Matter of Cross Props. [Gimbel Bros.],* 15 AD2d 913, affd 12 NY2d 806). Petitioners did, however, contend at Special Term that the awarding arbitrators considered evidence not adduced at the hearing. Petitioners allege that appellant proposed to submit at the hearing a written itemization of damages but when petitioners requested the opportunity to question the correctness of the figures, appellant withdrew the proposed exhibit. During the arbitrators' deliberations it is alleged that the arbitrator chosen by appellant produced a copy of the withdrawn list and that the list was used as a basis in making the award. That the list was used in determining the award was sworn to in an affidavit by petitioners' arbitrator who did not sign the award and no denial was made by appellant. We are of the opinion that since the list was withdrawn from consideration by the appellant, and therefore not in evidence, the consideration of the list by the awarding arbitrators constitutes misconduct necessitating a vacatur of the award *(Matter of Delmar Box Co. [Aetna Ins. Co.],* 309 NY 60; *Berizzi Co. v Krausz,* 239 NY 315, *supra).* The use of the list, not in evidence and not subject to cross-examination by petitioners violated the provisions of CPLR 7506 (subd [c]) and, therefore, the order vacating the award must be affirmed. Order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.