■ In the Matter of the Arbitration between I. JERRY FISCHER, as President of United Telephone Answering & Communications Service Union, Local 780, AFL-CIO, Respondent, and QUEENS TELEPHONE SECRETARY, INC., et al., Appellants. — Judgment, Supreme Court, New York County, (M. Evans, J.), entered May 6, 1983, confirming arbitration award, is reversed, on the law, with costs and disbursements, and the application to confirm the award is denied, and the cross motion to vacate the award is granted, and the matter remanded for *de novo* submission to another arbitrator.

At the time of the rendition of the award there were pending unresolved disputes between the arbitrator and the employers' trade association, which was a named party to the arbitration and the representative of the employers in the arbitration. These disputes related to the arbitrator's personal interests. They were disputes as to the amount of the arbitrator's fees and the effective date of the proposed arbitrator's resignation as impartial chairman, which the arbitrator indicated would be dependent in part on the payment of all moneys which the arbitrator claimed to be due to him from the association.

Such circumstances can fairly raise questions as to the misconduct or partiality of an arbitrator, by which appellants' rights were prejudiced. (CPLR 7511, subd [b], par 1, cls [i], [ii]; see *Matter of Franks [Penn-Uranium Corp.],* 4 AD2d 39; *Matter of Elia Bldg. Co. [County of Niagara],* 8 AD2d 684; *Morelite Constr. Corp. v New York City Dist. Council Carpenters Benefit Funds,* 748 F2d 79.) Concur — Sandler, J. P., Silverman and Fein, JJ.

Kassal, J., concurs in a memorandum as follows: The issue on this appeal is whether there is sufficient evidence of partiality and misconduct by the arbitrator to warrant vacating the arbitration award.

The underlying dispute originated from a grievance by the union involving a breach of the collective bargaining agreement relating to rest periods for telephone switchboard employees on the nighttime shift. The contract required that employees who worked five or more hours per day, evening or night, were to receive 30 minutes per day as either paid lunch or rest. The employer took the position that relief time need not be paid to the employees by reason of the low volume of nighttime traffic which, in and of itself, afforded relief to the employees. The union argued that breaks between incoming calls did not amount to relief time under the collective bargaining agreement. The impartial chairman agreed with the union and in his award concluded that section 162 of the Labor Law entitled such employees to a 45-minute meal period midway between the beginning and end of their shift. He did permit the employer to petition for a shorter period of relief but construed the statute as requiring uninterrupted meal time away from the switchboard.

In seeking vacatur of the award on the ground of partiality and misconduct by the arbitrator, it was contended, *inter alia,* that (1) the award was issued at a time when there existed a fee dispute between the arbitrator and the Association of Telephone Answering Services, Inc., the employers' trade association; (2) the arbitrator had engaged in ex parte discussions with the parties after submission of the issue; (3) the arbitrator acted improperly in holding private discussions with officials of the New York State Labor Department, which, at the time, was an interested party and participant in other litigation involving substantially the same issue (see *Matter of American Broadcasting Cos. v Roberts,* 61 NY2d 244); and (4) the award was issued after the arbitrator had advised the parties that he would not make a decision on the matter and after he had been divested of jurisdiction, having resigned as impartial chairman.

Generally, the courts have encouraged resort to arbitration as a forum for the resolution of disputes where the parties have agreed to the remedy and, in such instances, the judicial function has been limited, with the courts relegated to "a minimal role in supervising arbitration practice and procedures" (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95). However, basic, fundamental principles of justice require complete impartiality on the part of the arbitrator and mandate that

the proceedings be conducted without any appearance of impropriety. Consistent with the statutory standard in CPLR 7511 (subd [b], par 1, cls [i], [ii]), an award may be vacated at the behest of a party who participated in the arbitration where it was procured by corruption, fraud or misconduct, or where partiality of the arbitrator has been shown (see, generally, *Matter of Silverman* [*Benmor Coats*], 61 NY2d 299, 307).

Discussions between the arbitrator and the parties in relation to fees after commencement of the arbitration proceeding may amount to misconduct so as to vitiate any award thereafter rendered. In *Matter of Franks* (*Penn-Uranium Corp.*) (4 AD2d 39, 40), we found the arbitrator's actions in requesting that the parties consider increasing his fees while the matter was pending to be "highly questionable acts". In *Matter of Elia Bldg Co.* (*County of Niagara*) (8 AD2d 684), a hearing was directed on the issues of alleged misbehavior on the part of the arbitrator in repeatedly discussing his fees with the parties, in addition to private discussions between the arbitrator and one of the parties. Furthermore, the rendition of the award at a time when a dispute existed as to payment of the arbitrator's fees does have a direct bearing upon the impartiality of the proceedings. Under the operative standard, "a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." (*Morelite Constr. Corp. v New York City Dist. Council Carpenters Benefit Funds,* 748 F2d 79, 84.)

In this proceeding, I find misconduct by the arbitrator in that the matter was under consideration at a time when there was a fee dispute between the arbitrator and the employers' trade association. The impartial chairman's letter to the association, dated October 12, 1982, one week prior to issuance of the award on October 19, 1982, expresses the arbitrator's uneasiness about his unpaid fees and states that his prior agreement to resign as impartial chairman, effective September 30, 1982, would not take effect until he had been "paid all monies due me by the Association." In addition, the arbitrator's concern about his fees clearly infects the impartiality of the proceeding. It is some evidence of personal bias and requires remand for *de novo* proceedings to avoid any appearance of impropriety. (CPLR 7511, subd [b], par 1, cls [i], [ii].)

While I find the foregoing sufficient to require reversal and vacatur of the award, appellants do rely upon other alleged charges of misconduct. They claim that the ex parte discussions with the parties after submission of the issue were improper and constituted sufficient misconduct to require vacatur of the award.

It is well-established law for more than a century in this State that ex parte discussions or independent investigation pursued by an arbitrator, unless authorized, amount to misconduct so as to invalidate any award (*Berizzi Co. v Krausz,* 239 NY 315, 318; *Matter of Horowitz v Kaplan,* 248 NY 547; *Matter of 290 Park Ave. [Fergus Motors],* 275 App Div 565). The underlying rationale was succinctly stated by Judge Cardozo in *Berizzi Co.* (239 NY, at pp 319-320): "If misbehavior be assumed, we cannot doubt upon this record that prejudice resulted. The plaintiff, knowing nothing of the evidence, had no opportunity to rebut or even to explain it * * * The difficulty with this testimony is not merely that it is hearsay, but that it was collected and acted upon without the knowledge of those affected and without opportunity to repel it."

In *Matter of Lebow (Bogner-Seitel Realty)* (55 AD2d 695, 696), the Appellate Division, Third Department, affirmed an order vacating an arbitration award where the arbitrator had considered matters not in evidence, which the court found constituted "misconduct necessitating a vacatur of the award".

In *Matter of National Bank (Darragh)* (30 Hun 29, affd 93 NY 654), this court vacated an award where it appeared that, after testimony had been taken and the arbitration proceeding closed, one of the arbitrators, in the absence of the parties, produced and exhibited to the other arbitrators written testimony dehors the record, signed by a competent witness, which related to one of the controverted issues. In reversing the determination of Special Term, which had found that the additional evidence was not considered by the arbitrators, we held (p 33): "This does not meet the question presented affecting the validity of the award. It is whether improper evidence has been received, which by any possibility may have affected the conclusion at which the arbitrators arrived * * * In this case there is no doubt that the evidence was received, and it is impossible for the court to say that it did not affect the conclusions at which they arrived."

Similarly instructive is *Fudickar v Guardian Mut. Life. Ins. Co.* (62 NY 392), involving, *inter alia,* an assertion of misconduct by the arbitrator who, after the matter had been closed, wrote to one of the participants and received a reply. The Court of Appeals, analyzing the facts, concluded (pp 404-405) that this might: "be cause for opening the award, except for the reason that the evidence warrants the finding that the plaintiff was advised by the arbitrator, before the letter was sent, that he proposed to send a letter of that purport, and afterward exhibited the letter and the statement to the plaintiff; that the plaintiff made no objection either to the arbitrator's sending the

letter or receiving the statement, but examined and criticized it on the merits, and claimed the right to introduce proof in respect to it, which the arbitrator consented to receive if he concluded to regard the statement at all; to which disposition of the matter the plaintiff assented; and that the arbitrator did not consider it in making his award."

The court upheld the award upon the consent, although "with considerable hesitation", Judge Andrews observed as follows (62 NY, at p 405): "But any violation of natural justice by an arbitrator, such as receiving material evidence from one of the parties without the knowledge or consent of the other, should be condemned; and in several cases awards have been set aside for this reason."

However, in our case, the record does not reflect the specific nature and extent of the ex parte discussions alleged to have been engaged in by the arbitrator after the submission. This raises additional questions as to the impartiality of the proceedings and the conduct of the arbitrator. Moreover, it further appears that the matter was decided and the award issued after the arbitrator resigned, with no indication in the record that the parties had extended his authority. The award must be vacated under all these circumstances (CPLR 7511, subd [b], par 1, cls [i], [ii]).