■ In the Matter of the Arbitration between PORT AUTHORITY POLICE BENEVOLENT ASSOCIATION, INC., Appellant, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [652 NYS2d 741] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered November 15, 1995, which denied petitioner's application to confirm an arbitration award and granted respondent's cross motion to vacate the arbitration award, unanimously affirmed, without costs.

Petitioner Port Authority Police Benevolent Association commenced a grievance-arbitration proceeding against the respondent Port Authority of New York and New Jersey pursuant to provisions of the parties' July 21, 1991-January 20, 1996 Memorandum of Agreement ("MOA"), alleging that the Authority had violated the terms of the MOA by unilaterally discontinuing a past practice of averaging overtime with respect to probationary police officers.

The MOA provided that a complaint that the Authority had changed a past practice that was not specifically set forth in the MOA was not subject to the grievance-arbitration procedure; that an "arbitrator shall not have the power to add to, subtract from or modify the provisions of the [MOA]"; and that the processing of a complaint by the Authority pursuant to the grievance-arbitration procedure "shall not constitute a waiver by the Authority of any defense or claim that the conduct complained of does not involve the application or interpretation of any provision of the [MOA]". Nonetheless, the arbitrator, determining the dispute concerning the alleged violation of the past practice on the merits, ruled that the past practice of averaging overtime added a term and condition of employment to the MOA; that the Authority had violated that unstated term of the MOA; and that the Authority had waived the defense that the dispute was beyond the scope of the arbitration agreement by participating in the arbitration without raising the defense until a post-hearing memorandum was submitted to the arbitrator.

"Where a collective bargaining agreement contains an express restriction upon the powers of the arbitrator, the limitation will be upheld." (*Matter of City of New York v Davis*, 146 AD2d 480, 482.) Since the arbitrator's award clearly exceeded several specific limitations on his powers, as set forth above, it was properly vacated. Concur—Murphy, P. J., Milonas, Nardelli and Andrias, JJ.