■ In the Matter of MONTAGUE PIPELINE TECHNOLOGIES CORP., Appellant, v GRACE-LANSING & GRACE INDUSTRIES, INC., Respondents. [656 NYS2d 656] —In a proceeding pursuant to CPLR article 75, *inter alia,* to disqualify an arbitrator appointed by Grace-Lansing & Grace Industries, Inc., the appeal is from an order of the Supreme Court, Kings County (G. Aronin, J.), dated September 28, 1995, which, *inter alia,* denied the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the petitioner's application, *inter alia,* to disqualify the arbitrator appointed by the respondents. Discussions between an arbitrator and a party concerning fees after the commencement of the arbitration proceeding may constitute misconduct so as to render disqualification an appropriate remedy or vitiate any award *(see, Matter of Goldfinger v Lisker,* 68 NY2d 225; *Matter of Catalyst Waste-to-Energy Corp. [City of Long Beach],* 164 AD2d 817; *Matter of Elia Bldg. Co. [County of Niagara],* 8 AD2d 684; *Matter of Franks [Penn-Uranium Corp.],* 4 AD2d 39, 40). There is, however, no per se rule that such communications constitute misconduct impairing the integrity of the arbitration process *(see, Matter of Goldfinger v Lisker, supra,* at 232). Rather, the particular facts and circumstances of each case must be examined to reach an appropriate determination. Upon our review of the facts and circumstances here, we conclude that the petitioner failed to come forward with evidence sufficient to support a finding of misconduct, or to raise questions of possible bias or partiality *(cf., Matter of Reale [Healy N. Y. Corp.],* 54 AD2d 1039, 1040).

We have considered the petititioner's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.