(June 13, 2002)

■ In the Matter of CITY UNIVERSITY OF NEW YORK, Respondent, v RITA AIELLO, Appellant. [743 NYS2d 708] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered on or about April 18, 2001, which, in a proceeding involving an arbitration award directing petitioner university to reappoint respondent professor for one academic year and further directing that all future reappointment decisions concerning respondent be made by a select faculty committee, granted petitioner's application to vacate that part of the award as directed that all future reappointment decisions concerning respondent be made by a select faculty committee, and order and judgment (one paper), same court and Justice, entered January 14, 2002, which granted respondent's motion to renew, and, upon renewal, adhered to the order and judgment of April 18, 2001, unanimously affirmed, without costs.

While section 20.5 (c) (1) of the parties' collective bargaining agreement authorizes an arbitrator to direct that a grievant's reappointment be decided, in effect, by a select faculty committee, the same section also limits any such substitute decision making to "the action from which the grievance arose." Since

respondent's grievance arose solely from petitioner's decision not to reappoint respondent for the 1999-2000 academic year, the arbitrator exceeded his authority under section 20.5 (c) (1) and violated section 20.6, which prohibits an arbitrator from modifying or amending the collective bargaining agreement, by directing that any future reappointments of respondent be decided by a select faculty committee (*see, Matter of Local 345 [Heinrich Motors]*, 63 NY2d 985, 987, citing *Matter of Silverman [Benmor Coats]*, 61 NY2d 299; *Matter of Port Auth. Police Benevolent Assn. [Port Auth.]*, 235 AD2d 359). The existence of arbitral precedent for an award like that rendered herein does not avail respondent (*see, Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn.*, 129 AD2d 708, *appeal dismissed* 70 NY2d 719). Nor does it avail respondent that, as she purported to show on her renewal motion, the decision-making process resulting in the denial of her reappointment for the academic year 2001-2002 was so tainted as to demonstrate the truth of the arbitrator's forecast that petitioner was incapable of making fair academic judgments in her case. As the IAS court stated, respondent's remedy is to again resort to the grievance procedure. Concur—Williams, P.J., Tom, Friedman and Marlow, JJ.