■ In the Matter of WESTCHESTER ICE HOCKEY OFFICIALS ASSOCIATION, INC., et al., Respondents, v SECTION ONE, INC., OF NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION, INC., Respondent, and WALTER EATON et al., Appellants. [788 NYS2d 859]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, Walter Eaton, Assistant Director of the New York State Public High School Athletic Association, Inc., and New York State Public High School Athletic Association, Inc., appeal from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 29, 2003, which, inter alia, granted the petition and vacated the award.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof granting the petition and vacating the award and substituting therefor provisions granting the petition to the extent of vacating only numbered paragraph 5 of the award, and otherwise denying the petition, dismissing the proceeding, and confirming the award; as so modified, the judgment is affirmed, without costs or disbursements.

The Supreme Court erred in granting the petition on the ground of "misconduct in procuring the [arbitration] award" (CPLR 7511 [b] [1] [i]). The petitioners failed to meet their heavy burden of demonstrating that they were prejudiced by partiality on the part of the arbitrators (see Matter of Montague Pipeline Tech. Corp. v Grace-Lansing & Grace Indus., 238 AD2d 510 [1997]; Artists & Craftsmen Bldrs. v Schapiro, 232 AD2d 265 [1996]). However, the petitioners established that the arbitrators, in numbered paragraph 5 of the award, acted in excess of their powers by prospectively modifying the contractual procedure for filing grievances in future cases (see Matter of City Univ. of N.Y. v Aiello, 295 AD2d 163 [2002]).

The parties' remaining contentions are without merit. S. Miller, J.P., Ritter, Mastro and Fisher, JJ., concur.